In the Matter of John A. McGUIRE, Paula McGuire and Norris R. McGuire, i/d/b/a Webb Oil Company.

Bankruptcy Nos. 78–202 to 78–205. Civ. A. No. 79–22 Erie.

United States District Court, W. D. Pennsylvania.

June 25, 1979.

OPINION

KNOX, District Judge.

On August 10, 1978, a creditor's petition in bankruptcy was filed by three alleged creditors of the above named bankrupt. The matter was thereupon referred by Chief Judge Weber of this Court to the Honorable William B. Washabaugh, Jr., Bankruptcy Judge. At the same time, application was made for service by publication. It was stated therein: "Upon information and belief the U.S. Marshal for the Western District of Pennsylvania will not be able to effect personal service by reason of the fact that the alleged bankrupts have fled the jurisdiction vacating their home or office and are not occupying the house designated at the forwarding address with the United States Postal Service." The Deputy Marshal attempted service and was unable to effect the same. His return dated August 11, 1978, shows: "Left Oil City, Pennsylvania 7/1/78".

Service by publication was duly effected by advertising in the Oil City Derrick and the Erie County Legal Journal on August 18, 1978. It was also ordered that copies of the summons and involuntary petition be sent to the defendants by certified mail, return receipt requested, the addresses being given as 825 Grandview Road, Oil City, Pennsylvania, for all the parties and Paula McGuire and Doris R. McGuire at 115 Salem Drive, Ithaca, New York. An affidavit was filed that the notices were deposited in certified mail on August 11, 1978, with copies of the receipts for the mailing being duly filed. A subsequent affidavit dated August 30, 1978, shows as to service by certified mail, only two receipts were received from John A. McGuire and Webb Oil Company. It appears that notice of hearing for appointment of receiver to be held August 28, 1978, were sent by ordinary mail to all the above named defendants. Paul and Norris' addresses were given as Ithaca, New York.

On September 16, 1978, Paula McGuire signed and swore to in the District of Columbia a motion for appointment of counsel and to proceed in forma pauperis. The closing paragraph of this motion reads as follows:

"On or about July 1, 1978, I along with John F. McGuire and Norris R. McGuire, left Oil City in personal fear that some of the people who had previously been involved in business activities with my husband might cause personal harm to myself and/or my family. Since that time, I have been with my husband and my sons, at the suggestion of my husband's criminal lawyer while problems related to my husband's business activities, both criminal and civil, have been worked upon. During this period of time, my husband was hospitalized at the Georgetown Medical Center, during the course of which it was determined that he suffers from inoperable terminal abdominal cancer. *During this period of time I was advised of the pending proceeding and have been unable to do anything* about it because of

potential conflicts of interest between my husband and my son, Norris, and my present state of poverty."

The defendants were adjudicated bankrupt on August 28, 1978.

The motion for appointment of counsel and to proceed in forma pauperis was denied by order of November 16, 1978, of which more hereafter.

The property was thereafter sold to a third party for the sum of $75,000. After due notice and a hearing held November 14, 1978, the sale was confirmed over the objections of Paula McGuire and Norris McGuire, the orders with respect to confirmation and denial of objections being entered November 16, 1978.

On November 13, 1978, Paula McGuire and Norris R. McGuire filed motions to dismiss or to set aside the adjudication of involuntary bankruptcy. These motions were denied orally on the record by the bankruptcy judge at the hearing of November 14, 1978, and thereafter were denied by written orders filed November 16, 1978. Also, on November 13, 1978, objections to the sale of real estate were filed by Paula McGuire, alleging lack of due process and no proper notice.

By the order of November 16, 1978, the bankruptcy judge denied the objections of Paula and Norris McGuire to the sale of real estate and denied their motion to set aside the adjudication in bankruptcy and for appointment of counsel and for leave to proceed in forma pauperis. The bankruptcy judge stated that the previous orders of November 14, 1978, were confirmed and reissued for reasons announced at the hearing, to wit: (1) Paula McGuire has waived notice and shown that she had received such notice in motion for appointment of counsel to proceed in forma pauperis. She not having objected to the proceedings or attempted to appeal from the adjudication, the order for the adjudication has become final and unappealable. (2) The motion for appointment of counsel was denied for the reason that there were no funds in the bankruptcy court to appoint counsel for bankrupts in bankruptcy proceedings or any funds to provide for their payment. Persons who are indigent should obtain counsel to represent them from legal service agencies.

An order was entered November 16, 1978, confirming the private sale of real estate free and divested of liens.

It was noted that in *U. S. v. Kras*, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973), the requirement of payment of filing fees under the Bankruptcy Act was held constitutional.

On November 27, 1978, attached to a petition for review, which petition for review was later altered to read, "Notice of Appeal", the petitioners being appellants Paula McGuire and Norris R. McGuire sought a stay of proceedings. These notices of appeal were filed Monday November 27, 1978, of which more hereafter. On November 30, 1978, the bankruptcy judge entered an order denying motion for stay of proceedings in which he called attention to the fact that the order confirming the sale had been made on November 14, 1978, and a question appeared as to whether an appeal filed November 27, 1978, was timely. No objection to adjudication of the bankrupts and to the jurisdiction of the court had been made until November 13, 1978, when the time for appeal from the order of adjudication of August 28, 1978, had long expired. The bankruptcy judge called attention to § 2(a)(7) of the Bankruptcy Act 11 U.S.C. § 11(a)(7) and to Bankruptcy Rule 915(a) and therefore denied the petition for stay.

As noted, the documents entitled: "Petition for review and Notice of Appeal" on behalf of Paula McGuire and Norris McGuire were filed November 27, 1978 and duly docketed in the Clerk's Office. The appellees being the trustees have duly filed motions to quash such appeals.

After briefs and arguments which were filed pursuant to orders of the court, the court called attention to the fact that various allegations of fact set forth in the briefs did not appear to be supported by the record and gave opportunity to file such supporting material. No such supporting ma-

terial has since been filed and the parties have written to the court letters indicating they have no additional matters to file.

In the designation of contents of the record, the appellants Paula and Norris McGuire have designated the issues as being propriety of notice of the creditors petition in bankruptcy, sufficiency of the evidence to support the adjudication, failure of giving Paula opportunity to testify and being examined under oath.

At the argument of the appeals, it appeared there were two problems presented: (1) did the ten days for appeal from the orders of the bankruptcy judge start to run on November 14, 1978, the date of oral orders entered on the record confirming the sale or from the date of the written orders, November 16, 1978? (2) was there proper notice given of the proposed adjudication in bankruptcy or was this notice waived?

(1) Timeliness of Appeals.

The docket entries show that the appellants Paula McGuire and Norris R. McGuire, together with the other bankrupts, John A. McGuire and Webb Oil Company were adjudicated bankrupts on August 28, 1978. No appeal was taken from this order and the same has long become final. On November 13, Paula and Norris filed motions to dismiss or in the alternative to set aside the adjudication of involuntary bankruptcy. On November 14, 1978, the motions were denied orally on the record by the bankruptcy judge at the time of hearing on confirmation of sale. On November 16, 1978, the bankruptcy judge entered written orders confirming and reissuing the verbal orders of November 14, 1978, and denying and refusing the motions to dismiss the adjudication in bankruptcy and for appointment of counsel and for leave to proceed in forma pauperis. These appeals were filed November 27, 1978. The appellees have moved to quash the appeals as being untimely filed. It should be noted that November 24, 1978, was the Friday after Thanksgiving and there appears to be some dispute as to whether the attorney for the appellants was misled by responses to inquiries as to whether the bankruptcy office in Erie was to be open on this day. In view of the disposition we make of the motions to quash, this is of no particular moment.

11 U.S.C. § 67(c) provides as follows:

"(c) A person aggrieved by an order of a referee may, within ten days after the entry thereof or within such extended time as the court upon petition filed within such ten day period may for cause shown allow, file with the referee a petition for review of such order by a judge and serve a copy of such petition upon the adverse parties who were represented at the hearing. Such petition shall set forth the order complained of and the alleged errors in respect thereto. Unless the person aggrieved shall petition for review of such order within such ten day period or any extension thereof the order of the referee shall become final. Upon application of any party in interest, the execution or enforcement of the order complained of may be suspended by the court upon such terms as will protect the rights of all parties in interest."

Rule 802(a) of the Bankruptcy Rules provides as follows:

"(a) Ten-Day Period. The notice of appeal shall be filed with the referee within 10 days of the date of the entry of the judgment or order appealed from. If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 10 days of the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this rule, whichever period last expires."

It has been held that the time limitations contained in 67(c) and Rules 801 and 802 (801 provides for taking of appeals generally) must be strictly honored. *In re W. T. Grant Co.* (S.D.N.Y.1976) 425 F.Supp. 565 aff'd (table) 559 F.2d 1206 (2d Cir. 1977).

 The ten-day time limit is to be strictly construed and compulsorily applied. *In re Great Western Ranches, Inc.,* 511 F.2d 1021 (9th Cir. 1975).

Rule 921(a) provides:

"(a) Original Entry on Referee's Docket. A judgment in an adversary proceeding or contested matter shall be set forth on a separate document. Every judgment shall be entered forthwith in the referee's docket as provided in Rule 504, or, if the judgment is by the district judge, in the civil docket as provided in Rule 79(a) of the Federal Rules of Civil Procedure. A judgment is effective only when entered as required by this subdivision.".

See also Rule 504 providing that "All papers filed with the referee, all appearances, orders, verdicts and judgments shall be entered chronologically in the referee's docket." We hold therefore that there was no appealable judgment until such time as the same was entered on the referee's docket on November 16, 1978. See also transmission of record on appeal of Paula and Norris R. McGuire filed in this court.

In light of the foregoing, this court holds that the appeals from the orders filed November 16, 1978, denying and refusing motions to dismiss adjudication were timely filed. The motions to quash the appeals must be denied. November 26, 10 days after November 16 was a Sunday and therefore an appeal filed November 27, was timely.

### (2) Merits of the Appeals.

Passing then to the orders themselves denying motions to dismiss the adjudication and the order denying objections to the sale of real estate, the court holds that Paula and Norris McGuire have by their inaction after notice waived their rights to contest the adjudication and since their objections to the confirmation of sale are basically that there had been no adjudication, such objections must also fail.

The record shows that the creditors' petition was filed August 10, 1978, and immediately referred to the bankruptcy judge with application for service by publication. On August 10, 1978, an order was entered directing service by publication and by certified mail. The addresses of the alleged bankrupt were stated to be in Oil City in Venango County in this district. An order was entered directing service by publication

in the Erie County Legal Journal and the Oil City Derrick which was duly accomplished and also by mailing to the last known address at 825 Grandview Road, Oil City, Pennsylvania, and to Paula and Norris, also, at 115 Salem Drive, Ithaca, New York. The U. S. Marshal's return shows that the attempt to serve at the Oil City address failed, the return showing: "DWG (dwelling vacant), left Oil City, Pa. 7/1/78, signed R. J. Johnson, Deputy U. S. Marshal". In the petition for service it was recited that the alleged bankrupts had fled the jurisdiction. There are no certified receipts for service upon the alleged bankrupts at the address in Ithaca, New York. Nevertheless, the notice must have reached them because on September 16, 1978, Paula and Norris McGuire filed a paper entitled "Motion of Bankrupt for Appointment to Proceed in Forma Pauperis." In these motions, Paula McGuire plainly shows that she has received notice of the bankruptcy proceedings and the motion of Norris McGuire also indicates that he knows of the action because of the statement contained in his motion indicating the basis for his request for counsel.

In Rule 915(a) it is provided as follows:

"(a) Waiver of Objection to Jurisdiction. Except as provided in Rule 112 and subject to Rule 928, a party waives objection to jurisdiction of an adversary proceeding or a contested matter and thereby consents to such jurisdiction if he does not make objection by a timely motion or answer, whichever is first served."

Rule 112 provides for the filing of defenses or objections to the petition under Rule 12 FRCP which course was not followed here. Rule 928 concerning bankruptcy court jurisdiction is inapplicable.

Notwithstanding the fact that these appellants, Norris and Paula, had notice of the bankruptcy proceedings at least from September 16, 1978, the date when the motions were notarized in the District of Columbia, no objection to the adjudication was filed until November 13, 1978.

We therefore hold the referee was correct in the entry of his order of November 16, 1978, denying the motions to dismiss the adjudication and also denying motion for appointment of counsel and the orders must be affirmed. See *Coffman v. Cobra Mfg. Co.*, 214 F.2d 489 (9th Cir. 1954).