**In re Alan Manning MILLER, Debtor.**

**Jules V. SPECINER, Trustee in Bankruptcy of Alan Manning Miller, Plaintiff,**

v.

**Alan Manning MILLER, Ferne Steckler a/k/a Ferne Steckler Miller, Defendants.**

No. 77 B 1368 (20).

United States Bankruptcy Court, E.D. New York, at Westbury.

Feb. 24, 1986.

Morrison, Cohen & Singer, New York City.

Louis P. Rosenberg, Brooklyn, N.Y.

## DECISION AND ORDER

ROBERT JOHN HALL, Bankruptcy Judge.

This matter came to be considered upon the Application of Ferne Steckler for an order pursuant to Bankruptcy Rule 8002(c) extending Steckler's time to file a Notice of Appeal of this court's decision of January 9, 1986. The court hereby denies Steckler's application because Steckler has failed to show excusable neglect that constitutes cause to extend time.

## FACTS

1. On January 9, 1986, this court signed an order concerning Steckler.

2. On January 10, 1986, the subject order was docketed by the Bankruptcy Court Clerk's Office.

3. Steckler's attorney alleges that he received the order by mail on January 14, 1986.

4. On January 14, 1986 Steckler's lawyer alleges that he advised Steckler of the January 10, 1986 order and asked her for instructions. Steckler's attorney alleges that due to illness in Steckler's family he did not receive an answer from her until January 22, 1986, at which time she stated that she wanted to file a Notice of Appeal.

## DISCUSSION

Steckler's attorney describes his excusable neglect for his failure to file a timely notice of appeal as follows:

> It is unclear whether Federal Rule of Civil Procedure 6(a) applies here or whether it is superceded [sic] by Bankruptcy Rule 9006 in respect to the computation of time for the filing of the Notice of Appeal. Until today I was of the belief that the former governed (i.e., FRCP 6(a))—under which Rule the time for filing would not expire until January

27, 1986. If the Bankruptcy Rule governs, and supercedes [sic] FRCP 6(a), at [sic] the earliest the time to file a notice of appeal might have expired yesterday, January 21, 1986, (because the Courts were closed on January 20, 1986 due to Martin Luther King's birthday).[1]

Bankruptcy Rule 8002(a) governs time requirements for filing a notice of appeal: "The notice of appeal shall be filed with the Clerk of the Bankruptcy Court within 10 days of the date of the entry of the judgment, order, or decree appealed from." The rule is unambiguous. In this case, the date of entry was January 10, 1986, and the ten day period for notice of appeal expired on January 20. Since January 20 was a holiday, the ten day period expired on January 21 under Bankruptcy Rule 9006(a) governing computation of time.

Steckler's attorney argued that he failed to file his notice because he thought that Federal Rule of Civil Procedure 6(a) governed computation of time, not Bankruptcy Rule 9006(a). The argument is nonsense. FRCP 6(a) and Bankruptcy Rule 9006(a) are virtually identical. The Advisory Committee Note to Bankruptcy Rule 9006 states, in fact, that part (a) is adapted from FRCP 6. In short, it wouldn't have made any difference to the computation of time if Steckler's lawyer had computed his time using FRCP 6(a).

Bankruptcy Rule 8002(b) permits the court to extend time for appeal after the ten day period for notice of appeal has expired upon a showing of excusable neglect. Since Steckler's counsel made his motion to extend time within twenty days of the time for appeal, the parallel standard for excusable neglect under Federal Rule of Appellate Procedure 4(a) apply in this case. *See* Advisory Committee Note to Bankruptcy Rule 8002.

Under F.R.App.P. 4(a), mere ignorance of the law or rules is not considered excusable,[2] however, some decisions have upheld the grant of extensions of time when a plausible misconstruction of the rules caused the failure to appeal.[3] In this case, Steckler's counsel's purported misconstruction of the rules is not only implausible, it is immaterial. Accordingly, the motion to extend time is denied.

SO ORDERED.

---

1. Ms. Steckler's attorney also stated in his affidavit that because of family illness, his client had not decided to appeal until after the time for filing had expired. While the court extends its sympathies to Ms. Steckler, her lawyer had a duty to protect her rights by requesting an extension of time for appeal. Ms. Steckler is herself an attorney and no doubt aware of the consequences of an attorney's ignorance of Rules of Procedure.

2. *Cohen v. Zalis,* 538 F.2d 323, (CA 4th, 1976); *Reed v. Kroger Co.,* 478 F.2d 1268, (TECA 1973); *Harlan v. Graybar Elec. Co.,* 442 F.2d 425, (CA 9th, 1971).

3. *Wansor v. George Hantscho Co.,* 570 F.2d 1202, (CA 5th, 1978), *cert. denied* 439 U.S. 953, 99 S.Ct. 350, 58 L.Ed.2d 344 (1978); *Feeder Line Towing Service, Inc. v. Toledo, Peoria & Western R.R. Co.,* 539 F.2d 1107, 22 F.R.Serv.2d 395, (CA 7th, 1976); *Torockio v. Chamberlain Mfg. Co.,* 56 F.R.D. 82, (WD Pa 1972) *aff'd* 474 F.2d 1340, (CA 3d, 1973).