In re Michael J. PROVAN, aka Mike Provan, dba Savings & Loan Alert, fdba Davies, Provan & Oliver, fdba Anseth Holdings, Debtor/Appellant.

BAP No. CC 86–1626.
Bankruptcy No. LA82–18270 CA.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued and Submitted Feb. 18, 1987.

Decided June 15, 1987.

Gary Hill, Hill & Sandford, Santa Barbara, Cal., for Appellant.

Neil C. Evans, Reavis & McGrath, Los Angeles, Cal., for Appellees.

Before JONES, MOOREMAN and VOLINN, Bankruptcy Judges.

ROBERT CLIVE JONES, Bankruptcy Judge:

The debtor appeals the bankruptcy court's denial of his Application for an Order Deeming his Notice of Appeal Timely Filed. We affirm.

## FACTS

Appellant Michael Provan, a Chapter 7 debtor, scheduled his interest in a pension plan as an exempt asset. Several creditors objected to the exemption and, after a hearing, the court denied the exemption by an order entered April 14, 1986. Provan timely filed a motion for reconsideration which the court denied by an order entered May 13.[1]

Provan's counsel, David Landecker, claims that on May 19 he mailed a notice of appeal from the April 14 and May 13 orders to the bankruptcy court and to all interested parties. There is no record that the notice of appeal was ever filed. On May 28, Landecker mailed to the court a designation of record which was filed June 5. Landecker received a file stamped copy of the designation of record by return mail on June 10. On June 4, the Appellees, creditors of Provan, served on Landecker a designation of additional items to be included in the record on appeal. The bankruptcy court clerk's office subsequently informed Landecker that no notice of appeal had been filed.

On June 24, Provan filed in the bankruptcy court an Ex-Parte Application for Order Deeming Notice of Appeal to be Timely Filed (the "Application"). In support of the application, Landecker submitted a declaration containing the following statements:

Although I have no specific recollection, it would of course, be my practice to

---

1. Unless otherwise indicated, all dates are 1986.

prepare an original and one copy, plus a confirmation copy and return envelope, to be filed with the Bankruptcy Court. I have no reason to believe that I did not do so in this case as my file only contains a copy of the pleading and the original is nowhere to be found. I am confident that the original was placed in an envelope, intended to be addressed to the Bankruptcy Court. The Notice of Appeal has not been returned to either my office ·or Hill & Sanford and I simply cannot explain what became of the document.

\* \* \* \* \* \*

I have had several conversations with various members of the Office of the Clerk of the Court to determine what became of the Notice of Appeal. It has not been located, however, I can only conclude that this is the result of an error ir [sic] omission by the post office, the clerk's office, or myself.

The court denied the Application concluding that it was without jurisdiction over the matter because the notice of appeal was not timely filed and no extension of time had been requested within 30 days after entry of the May 13 order. Provan timely filed the instant appeal.[2]

## ISSUES

I. Whether the Application should initially have been heard by the Bankruptcy Court or by the Bankruptcy Appellate Panel.

II. Whether Provan is entitled to relief under the "unique circumstances" doctrine.

## DISCUSSION

### I.

Bankruptcy Rule 8002(a) provides that "[t]he notice of appeal shall be filed with the clerk of the bankruptcy court within 10 days of the date of the entry of the judgment, order or decree appealed from."

Bankruptcy Rule 8002(c) provides:

"The bankruptcy court may extend the time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule. A request to extend the time for filing a notice of appeal must be made before the time for filing a notice of appeal has expired, except that a request made no more than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect...."

■ Timely filing of a notice of appeal is mandatory and jurisdictional. *National Indus. Inc. v. Republic Nat'l Life Ins. Co.,* 677 F.2d 1258, 1263 (9th Cir.1982). "An untimely notice deprives the district court of jurisdiction to review the bankruptcy court's order or judgment." *In re Ramsey,* 612 F.2d 1220, 1222 (9th Cir.1980). The time limits for filing a notice of appeal are strictly construed and compulsorily applied. *Id.* at 1221–22.

■ Where a notice of appeal is not timely filed, however, there is jurisdiction to consider the appellant's arguments that the appeal should nevertheless be allowed to proceed. In *Thompson v. I.N.S.,* 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964), the Court concluded that where the appellant could establish the existence of "unique circumstances", an otherwise untimely appeal could proceed. *Id.* at 387, 84 S.Ct. at 399. The ninth circuit has subsequently stated that "[i]n light of *Thompson,* filing of the notice of appeal beyond the 30–day limit [is] not sufficient, in itself, to remove the jurisdiction of the district court." *In re Butler's Tire & Battery Co.,* 592 F.2d 1028, 1032 (9th Cir.1979).

---

**2.** Provan has filed motion to augment the record pursuant to Fed.Rule App.Proc. 10(e). Provan seeks to include a declaration of his attorney, David Landecker, dated January 14, 1987. The declaration is essentially the same as one submitted to the bankruptcy court but it adds a statement that the clerk's office did not notify Landecker that no notice of appeal had been filed until June 16, 34 days after the May 13 order was entered. Appellees oppose the motion on the ground that it includes information that was not before the bankruptcy court. The motion is hereby granted, but, this information does not affect the outcome of the case.

■ There is, therefore, jurisdiction to hear a "unique circumstances" argument when a notice of appeal is not timely filed. It is not clear, however, in which court the appellant's claim should first be considered. Generally, the issue of an untimely appeal is first raised in the appellate court by way of a motion to dismiss the appeal. *See, e.g., National Industries,* 677 F.2d at 1262. Moreover, the ninth circuit has implied that the appellate court has jurisdiction over such a claim. *Butler's Tire,* 592 F.2d at 1032 (untimely notice alone does not remove jurisdiction of *district*—i.e. appellate—court). Therefore, the appellate court is the appropriate forum for a unique circumstances argument. The trial court, however, may, in some instances, be in a better position to consider the issue initially because it is familiar with the parties, the case, local practices and the filing procedures in the clerk's office. *See Willis v. Newsome,* 747 F.2d 605 (11th Cir.1984) (case remanded to trial court to determine whether appellant relied upon trial court's representation regarding timeliness of notice). In light of these considerations, relief under the unique circumstances doctrine should initially be sought in the appellate court which, if necessary, may remand the case to the trial court for factual determinations.[3]

## II.

Provan argues on appeal that the notice of appeal should be deemed timely filed because "unique circumstances" existed. The doctrine of unique circumstances was first announced in *Harris Truck Lines v. Cherry Meat Packers,* 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962), and has been applied in the ninth circuit. *See National Industries,* 677 F.2d at 1264; *Butler's Tire,* 592 F.2d at 1031–32. The doctrine is succinctly stated as follows:

Courts will permit an appellant to maintain an otherwise untimely appeal in unique circumstances in which the appellant reasonably and in good faith relied upon judicial action that indicated to the

appellant that his assertion of his right to appeal would be timely, so long as the judicial action occurred prior to the expiration of the official time period such that the appellant could have given timely notice had he not been lulled into inactivity.

*Willis v. Newsome,* 747 F.2d 605, 606 (11th Cir.1984).

Provan argues that by filing Provan's and the Appellees' record designation documents and by not promptly informing Provan that no notice of appeal had been filed, the clerk's office represented that the notice had been filed. Provan further argues that his counsel reasonably and in good faith relied upon this representation by not requesting an extension of time and filing a new notice of appeal. Provan claims he is not suggesting that the clerk's office has a duty to check the file and notify counsel of missing documents. Rather, he asserts that where the clerk's office accepts documents related to an appeal within 30 days after entry of the order appealed from and no notice of appeal has been filed, the unique circumstances doctrine should apply. We disagree.

■ The case at bar does not present "unique circumstances" as contemplated by *Harris Truck Lines* and its progeny. Those cases involved reliance by the appellant on either a court ruling, *see Harris Truck Lines,* 371 U.S. at 216–217, 83 S.Ct. at 284–285; *Thompson,* 375 U.S. at 386–387, 84 S.Ct. at 398–399; *National Industries,* 677 F.2d at 1264; *Butler's Tire,* 592 F.2d at 1032–1034, or an affirmative act or statement by the trial court clerk's office. *See Willis,* 747 F.2d at 606–07. In light of the strict application of time limits for filing notices of appeal, *see National Industries,* 677 F.2d at 1263, the unique circumstances doctrine should be narrowly applied. Here, neither the court nor the clerks office made any affirmative statements to Provan or his counsel as in the unique circumstances cases. Moreover,

---

**3.** In the case at bar, the trial court did not rule on the merits of Provan's unique circumstances argument. Remand, however, is unnecessary as

there are no disputed factual issues that would alter the Panel's resolution of this case.

the burden is appropriately placed on counsel to make sure documents are timely filed. Landecker could have hand-delivered the notice; he could have sent the notice by certified or registered mail; or he could have mailed the notice with a return envelope for the court to send him a file-stamped copy of the notice. Landecker did none of these things. In fact, he is not even certain he mailed the notice of appeal to the bankruptcy court. Under these circumstances, application of the unique circumstances doctrine is unwarranted. AFFIRMED.