**In the Matter of DAYTON CIRCUIT COURTS # 2 dba Suburban Athletic Club of Oak Creek, Debtor.**

**Paul D. GILBERT, Trustee, Plaintiff,**

v.

**SUBURBAN ATHLETIC CLUB and Bank One, Defendants.**

Bankruptcy No. 3–83–02063.
Adv. No. 3–83–0793.

United States Bankruptcy Court,
S.D. Ohio, W.D.

March 18, 1988.

See also, Bkrtcy., 80 B.R. 434.

Dennis L. Hall, and Thomas G. Kramer, Dayton, Ohio, for defendant, Suburban Athletic Club.

Paul D. Gilbert, Trustee/Attorney, Dayton, Ohio, for plaintiff.

## DECISION ON ORDER DENYING MOTION BY DEFENDANT SUBURBAN ATHLETIC CLUB FOR EXTENSION OF TIME TO FILE A NOTICE OF APPEAL

THOMAS F. WALDRON, Bankruptcy Judge.

This proceeding, which arises under 28 U.S.C. § 1334(b) in a case referred to this court by the Standing Order Of Reference entered in this district on July 30, 1984, is determined to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)—matters concerning the administration of the estate. *Matter of Commercial Heat Treating of Dayton, Inc.*, 80 B.R. 880, 888 (Bankr.S.D. Ohio 1987). This proceeding is before the court on the Motion By Defendant Suburban Athletic Club For Extension Of Time To File A Notice Of Appeal (Doc. 38), the Memorandum Contra Motion For Extension Of Time To File Notice Of Appeal (Doc. 39) and the Reply Memorandum In Support Of Motion By Defendant Suburban Athletic Club For Extension Of Time To File A Notice Of Appeal (Doc. 40). At issue is whether the circumstances that led to the movant's failure to file a notice of appeal until twenty (20) days after the entry of a judgment constitute excusable neglect pursuant to B.R. 8002(c). Upon consideration of the memoranda submitted, the Defendant's Motion For Extension Of Time To File A Notice Of Appeal (Doc. 38) is DENIED.

### FACTS

On December 8, 1987, this court rendered a decision and judgment in this adversary proceeding against the movant, Suburban Athletic Club. On December 28, 1987, after the time for filing a notice of appeal had expired (Bankr. R. 8002(a), Bankr. R. 9006(a)), the movant filed a Motion For Extension Of Time To File A Notice Of Appeal. The movant submitted, "[T]hat it should be granted leave ... by reason of the excusable neglect standard of Bankruptcy Rule 8002(c)." (Doc. 38 at 2).

### ARGUMENTS OF THE PARTIES

In support of the Motion For Extension Of Time To File A Notice Of Appeal, the movant alleges that the conduct that led to the untimely filing constitutes excusable neglect in accordance with 8002(c):

The trial attorney for Defendant Dayton Circuit Courts was unaware of the short ten-day period for filing a notice of appeal in a bankruptcy court proceeding. His practice generally does not involve work in the bankruptcy courts, and he has never before had occasion to file a notice of appeal in a bankruptcy court action.

On December 18, 1987, the day the notice of appeal period ran, Defendant's trial attorney left on vacation for the remainder of the calender year. In the days preceding his departure, he was involved in clearing up several matters, and transferred the file on this case to an associate with instructions to take care of the appeal. Neither the trial attorney nor the associate realized, however, that there was a need to act immediately. The Christmas holiday then ensured [sic], and the problem was discovered immediately upon the resumption of work (Doc. 38 at 3).

In his Memorandum Contra Motion For Extension Of Time To File Notice Of Appeal (Doc. 39), the respondent argued that neither ignorance of the law, nor the press of business constitutes excusable neglect; and, therefore, the movant should not be granted an extension of time in which to file a notice of appeal.

The movant's reply memorandum (Doc. 40) contained six (6) citations in support of the position that the press of business and/or a misunderstanding as to the deadline for filing a notice of appeal will support a finding of excusable neglect pursuant to B.R. 8002(c). Of these six (6) cases, however, only one (1) involved a bankruptcy case and, accordingly, the provisions of B.R. 8002. In that case the Fifth Circuit did not address the merits of the district court's finding of excusable neglect, but, rather, declined "[T]o second-guess the district court's approval of the extension ..." and noted "The delay occurred, according to United Savings, because of an indemnity agreement it held from Jewell, making it

necessary that attorneys for both parties review the record and consult with each other and their clients before making a decision whether to appeal.". *Matter of Missionary Baptist Foundation Of America,* 792 F.2d 502, 507 (5th Cir.1986).

While the facts and circumstances set forth in the remaining five (5) cases relied upon by the movant did result in a judicial determination of excusable neglect, this court finds that a comparison of the facts and circumstances in those non-bankruptcy cases and the facts and circumstances of this bankruptcy proceeding does not assist the movant in demonstrating excusable neglect in accordance with 8002(c): *United States v. Dabney,* 393 F.Supp. 529 (D.E.D. Pa.1975) (sudden illness of sole practitioner found to be excusable neglect when the filing was one day late and the appeal involved a fifteen year general sentence imposed for bank robbery); *Feeder Line Tow. Serv., Inc. v. Toledo, P. & W. R.R. Co.,* 539 F.2d 1107 (7th Cir.1976) (late filing of notice of appeal in admiralty case permitted when counsel's delay was occasioned by the clearly conflicting language of two provisions of the law: one statutory and one a rule of court); *Bryant v. Elliott,* 467 F.2d 1109 (5th Cir.1972) (where habeas corpus petitioner appealed in forma pauperis, apparently without the assistance of an attorney, and where his notice of appeal was less than five days overdue, and where doubt existed as to whether he understood the provision of the Federal Rule of Appellate Procedure relative to the district court extending the time for appeal upon a showing of excusable neglect, the case would be remanded to permit petitioner to request an extension of time for appeal), *United States v. Puckett,* 573 F.Supp. 713 (D.E.D. Tenn.1982) (excusable neglect found where notice of appeal physically received by the clerk within the proper time for appeal but not timely filed because the notice of appeal was not accompanied by the required filing fee); *Karstetter v. Cardwell,* 399 F.Supp. 1298 (D.Ariz.1975) (excusable neglect found in criminal case where a person's liberty was at stake).

**LAW**

██ The manner of taking an appeal from a bankruptcy matter is governed by Bankr. R. 8001. Rule 8001(a) imposes upon the appellant the time constraints of Rule 8002, which states in part "(a) Ten–Day Period. The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." (See also Bankr.R. 9006(a)) Rule 8002 is an adaptation of Rule 4(a) of the Federal Rules of Appellate Procedure. The shortened time from 30 days in Rule 4(a) to 10 days in Rule 8002 is specified in order to obtain prompt appellate review, often important to the administration of a case under the Code. *See Advisory Committee Note to Bankruptcy Rule 8002.* The ten day mandate of Rule 8002(a) has been strictly construed, requiring strict compliance with its terms. *Matter of McGuire,* 1 B.R. 496, 499 (W.D.Pa. 1979), aff'd, 615 F.2d 1353 (3rd Cir.1980); *see also, Matter of Ramsey,* 612 F.2d 1220 (9th Cir.1980); *Matter of Estate of Butler's Tire & Battery Co., Inc.,* 592 F.2d 1028 (9th Cir.1979); *In re Universal Minerals, Inc.,* 755 F.2d 309 (3rd Cir.1985). If a notice of appeal is not timely filed, the district court lacks jurisdiction over the appeal. *In re LBL Sports Center, Inc.,* 684 F.2d 410 (6th Cir.1982).

In the event that an appellant fails to file a notice of appeal within the mandatory ten day period, B.R. 8002(c) permits an extension of time to file a notice of appeal:

(c) Extension of Time for Appeal—The bankruptcy judge may extend the time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule. A request to extend the time for filing a notice of appeal must be made before the time for filing a notice of appeal has expired, except that a request made no more than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect if the judgment or order appealed from does not authorized the sale of any property or the obtaining of credit or the incurring of debt under § 364 of the

Code, or is not a judgment or order approving a disclosure statement, confirming a plan, dismissing a case, or converting the case to a case under another chapter of the Code.

■ Therefore, in order to be granted an extension of time to appeal in accordance with Bankr. R. 8002(c), the movant must first timely file a request to extend the time to file a notice of appeal either within the initial ten (10) day period, or not more than 20 days after the initial 10 day period has expired. Additionally, both parts of a two prong test must be met by the movant, with the burden of proof upon the movant. The first prong requires that the judgment or order appealed from does not (a) authorize the sale of any property or the obtaining of credit or the incurring of debt under § 364 of the Code and (b) does not approve a disclosure statement, confirm a plan, dismiss a case, or convert a case to a case under another chapter of the Code. The second prong requires a showing of excusable neglect by the movant. Although the allowance of an extension of time for appeal is at the discretion of the bankruptcy judge, *Matter of Hilliard*, 36 B.R. 80 (D.S. D.N.Y.1984), the exercise of such discretion is circumscribed by a consistent body of bankruptcy decisions interpreting the phrase "excusable neglect".

The first prong of 8002(c) is very specific as to its requirements. The second prong, however, requires an interpretation of what constitutes excusable neglect, a phrase not specifically defined in the Bankruptcy Code.

The standard of "excusable neglect" is set forth in several Bankruptcy Rules. In addition to its use in cases under Bankr.R. 9024 (incorporating Fed.R.Civ. P. 60(b)), it governs motions (filed after the time period in question has expired) for extensions of time periods ranging from the time within which to file a brief to the time period within which to file an appeal. *See* Bankruptcy Rules 8002(c), 9006(b)(1). *Obviously, the interest affected by the extension of different types of time periods will themselves greatly differ.* The extension of an ap-

peal period involves jurisdictional issues and affects the successful party's and the public's interest in seeing an end come to litigation;[2] permitting a brief to be filed late may affect the efficient administration of the Court, but enhances the Court's ability to render a fair, fully informed and well-considered decision. Because the interests involved differ, neglect which might be excusable for purposes of filing a late brief may be inexcusable for purposes of filing a late appeal. (Footnote omitted) (emphasis added) *In re Washington County Broadcasting, Inc.*, 39 B.R. 77, 79 (Bankr.D. Me., 1984).

"While 'excusable neglect' is not defined by the Bankruptcy Rules, the concept has been appropriately characterized as 'the failure to timely to perform a duty due to circumstances which were beyond the reasonable control of the person whose duty it was to perform' " (citations omitted) *In re Kelly Lyn Franchise Co., Inc.*, 26 B.R. 441, 448 (Bankr.M.D.Tenn.1983), aff'd. 33 B.R. 112 (D.M.D.Tenn.1983), *see also, In re Digby*, 29 B.R. 658 (Bankr.N.D.Ohio 1983).

■ Since neither the Code nor the Rules define excusable neglect and because a number of different interests are affected by an extension of time, the standard for determining excusable neglect has been contrued in both a liberal and a strict manner by bankruptcy courts. The standard of excusable neglect has always been construed in a strict manner with regard to motions to extend time to appeal.

In implementing the liberal construction of the standard for excusable neglect in cases not involving an appeal, "[C]ourts have generally required three basic elements: (1) good faith by the party seeking the extension of time; (2) a reasonable basis for noncompliance; and (3) a lack of prejudice to the opposing party." (citations omitted) *Kelly Lyn* at 449.

In addition to the above three generally required elements, other courts have considered additional factors in defining excusable neglect with regard to cases not involving an appeal. *See In re Washington County Broadcasting, Inc.*, 39 B.R. 77

(Bankr.D.Me.1984) (liberal standard applied when court characterized an order disallowing a proof of claim to be, in essence, a default judgment) and *In re Magouirk*, 693 F.2d 948. (9th Cir.1982) (liberal standard applied when the court considered (1) whether granting the delay will prejudice the debtor, (2) the length of the delay and its impact on efficient court administration, (3) whether the delay was beyond the reasonable control of the person whose duty it was to perform, (4) whether the creditor acted in good faith, and (5) whether clients should be penalized for their counsel's mistake or neglect.).

However, even in cases not involving an appeal, some courts have declined to adopt the liberal standard in determining what constitutes excusable neglect. *See In re Digby*, 29 B.R. 658 (N.D. Ohio 1983) (strict construction applied denying filing of complaint to deny dischargeability upon lack of (1) a finding that the party failed to learn of the entry of judgment or (2) a finding of extraordinary circumstances where excusing the delay is necessary to avoid an injustice) and *In re Snow*, 23 B.R. 655 (E.D.Ca., 1982) (strict construction applied to deny filing of complaint to deny dischargeability where the court required a showing of either a failure to learn of the entry of judgment, or that an extraordinary case existed where injustice would otherwise result).

While a liberal construction of excusable neglect has been approved in various bankruptcy decisions involving issues other than an appeal, "[I]n appeals alone does the principal that time limits are strictly construed apply." *In re W & L Associates, Inc.*, 74 B.R. 681, 683 (Bankr.E.D.Pa.1987).

This strict construction of excusable neglect with regard to 8002(c) closely parallels the principle governing a finding of excusable neglect under F.R.App.P. 4(a). "In this context, 'excusable neglect' is very strictly construed. It requires (1) a finding that the party failed to learn of the entry of judgment, or (2) a finding of extraordinary circumstances, where excusing the delay is necessary to avoid an injustice. *Matter of Estate of Butler's Tire & Battery*

*Co.*, 592 F.2d 1028, 1034 (9th Cir.1979)." *Magouirk* at 950. Further, the "extra-ordinary" or "unique" circumstances contemplated by F.R.App.P. 4(a) permit:

> [A]n appellant to maintain an otherwise untimely appeal in unique circumstances in which the appellant reasonably and in good faith relied upon judicial action that indicated to the appellant that his assertion of his right to appeal would be timely, so long as the judicial action occurred prior to the expiration of the official time period such that the appellant could have given timely notice had he not been lulled into inactivity. (citations omitted) *In re McAuley*, 66 B.R. 696, 700 (9th Cir. BAP 1986)

*See also, In re Provan*, 74 B.R. 717 (9th Cir. BAP 1987).

As the Honorable David A. Scholl, Bankruptcy Judge stated,

> [W]e have, even with the assistance of the Buyer's counsel, located *no* case in which any court has found the requisite "showing of excusable neglect" to have been established for purposes of 8002(c). On the other hand, we have found a plethora of cases in which, in circumstances we would consider more compelling than those alleged in the instant Motion, courts have failed to find such a "showing". (citations omitted) *W & L Associates, Inc.* at 683

After an exhaustive and empathetic search, this court has also been unable to uncover even one bankruptcy case in which the strict construction of excusable neglect was not applied in a proceeding concerning an appeal. In fact, similar to Judge Scholl's conclusion, the body of reported decisions is consistently contrary to the movant's position.

The following is a sampling of the circumstances in reported cases, concerning a motion to extend time to appeal, in which excusable neglect was not found: *W & L Associates, Inc.* (errors by clerical personnel in office of appellant's counsel, unreported changes of counsel, and reassignment of case to different counsel failed to satisfy extremely strict standard for showing of excusable neglect in filing bankrupt-

**56**

cy appeal one day late); *In re Provan,* 74 B.R. 717 (9th Cir. BAP 1987) (when clerk's office had accepted record designation documents presented within the appeal period without notifying the debtor that no notice of appeal had been filed, and neither the court nor the clerk's office made any affirmative statements to the debtor as to whether the notice of appeal had been filed, excusable neglect was not found); *In re Miller,* 59 B.R. 572 (Bankr.E.D.N.Y.1986) (counsel's purported misconstruction of the bankruptcy rules does not constitute excusable neglect); *In re Tinnell Traffic Services, Inc.,* 43 B.R. 280 (Bankr.M.D.Tenn.1984) (excusable neglect not found where timely notice of appeal was not filed due to fact that appeal was assigned to an associate attorney who was not familiar with the case and who was not made aware that the decision was rendered by a bankruptcy court) *Matter of Ghosh,* 47 B.R. 374 (D.E. D.N.Y.1984) (*pro se* debtor's late filing of notice of appeal does not constitute excusable neglect); *In re Zeller,* 38 B.R. 739 (9th Cir. BAP 1984) (neither absence from office, nor lack of payment to file a notice of appeal is considered excusable neglect); and *In re Schmidt,* 34 B.R. 284 (Bankr.D. Minn.1983) (alleged mail delay is not excusable neglect).

## DECISION

It is apparent that the defendant did file a notice of appeal not more than 20 days after the initial 10 day period for appeal had expired and that the judgment or order appealed from did not authorize the sale of any property or the obtaining of credit or the incurring of debt under § 364 of the code and does not approve a disclosure statement, confirm a plan, dismiss a case, or convert the case to a case under another chapter of the Code. The movant, in the facts and circumstances of this proceeding, has satisfied the initial requirement of the two prong test contained in 8002(c); however, the movant has not met the second prong of 8002(c) which requires a showing of excusable neglect consistent with the decisions of other courts that have considered this issue.

The defendant states that the notice of appeal was not timely filed because, "[T]he trial attorney ... was unaware of the short ten-day period for filing a notice of appeal in a bankruptcy proceeding."; and, in preparing for vacation, the trial attorney "[T]ransferred the file on this case to an associate with instructions to take care of the appeal. Neither the trial attorney nor the associate realized, however, that there was a need to act immediately." Doc. 38 at 3. Such an error does not constitute the type of "extraordinary" or "unique" circumstances which would permit a showing of excusable neglect. *McAuley, Provan, supra.*

The error that resulted in the late filing of the notice of appeal most closely resembles the circumstances described in a variety of decisions, all of which have denied a motion to extend time to file a notice of appeal. *W & L, Miller, Tinnell,* and *Zeller, supra.* Accordingly, the court DENIES the defendant, Suburban Athletic Club's Motion To Extend Time To Appeal. An order in accordance with this decision is contemporaneously entered.

SO ORDERED.