**In re STAGECOACH UTILITIES, INC., Debtor.**

**STAGECOACH UTILITIES, INC., Appellant,**

**v.**

**The COUNTY OF LYON, Leroy L. Ward, Chairman, Joseph Lommoi, Bobbie J. Miller, David Fulstone, David Andrulli, and Joseph Ricci, County Commissioners of Lyon County, Appellees.**

**BAP No. NV–86–2120 MeAsMo.**
**Bankruptcy No. N 83–00768.**
**Adv. No. 85–023.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

April 25, 1988.

Alan R. Smith, Smith & Corder, Reno, Nev., for appellant.

William G. Rogers, Lyon County Dist. Atty., Yerington, Nev., for appellees.

Before MEYERS, ASHLAND and MOOREMAN, Bankruptcy Judges.

**ORDER**

We dismiss this appeal as untimely. The order appealed from was entered on September 24, 1986 and the notice of appeal

was filed on December 4, 1986, subsequent to the ten day limit of Rule 8002(a) and the Rule 8002(c) thirty day limit for appeals filed late because of excusable neglect. Bankruptcy Rules 8002(a), 8002(c).

On January 22, 1987, the Bankruptcy Appellate Panel Clerk issued a conditional order of dismissal regarding the timeliness of the notice of appeal. After the Appellant filed a response on February 22, 1987, the motions Panel ordered that the conditional order of dismissal be withdrawn. Motion Panel decisions are not binding on the Panel assigned the case. *See United States v. Houser*, 804 F.2d 565, 567 (9th Cir.1986); *In re Crystal Sands Properties*, 84 B.R. 665 (9th Cir. BAP 1988).

This Panel issued a conditional order of dismissal for the untimely appeal on its own motion. A timely notice of appeal is jurisdictional and the court may consider the timeliness of the appeal sua sponte. *See In re Nucorp Energy, Inc.*, 812 F.2d 582, 584 (9th Cir.1987). Appellant responded to the conditional order by pointing out it received notice of entry of the judgment long after judgment was actually entered. Appellant also alleges that it made repeated inquiries of the bankruptcy court which either failed to answer Appellant's requests or assured Appellant that no judgment had been entered.

We note that the Appellant does not allege that he made inquiry after the judgment was actually entered. We cannot find, therefore, that the Appellant was misled by the court. In the absence of an affirmative misleading act the unique circumstances doctrine does not allow consideration of an untimely appeal. The cases enunciating the doctrine involve trial court's positive acts on which an appellant has a right to rely. *See United Artists Corp. v. La Cage Aux Folles Inc.*, 771 F.2d 1265 (9th Cir.1985); *In re McAuley*, 66 B.R. 696, 700 (9th Cir. BAP 1986); *In re Provan*, 74 B.R. 717, 720 (9th Cir. BAP 1987).

The Trial Court Clerk may have failed to timely notify the Appellant of entry of judgment, but the Appellant did not have the right to rely on the Clerk's notice of entry of judgment. Bankruptcy Rule 9022 is explicit:

> Lack of notice of the entry does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed....

Bankruptcy Rule 9022; *In re Roanca Realty, Inc.*, 747 F.2d 816, 817 (1st Cir.1984); *In re Rehbein*, 60 B.R. 436, 439 (9th Cir. BAP 1986). *See also In re St. Cloud Tool & Die*, 533 F.2d 387 (8th Cir.1976) (Party assumed to know what is in the file, and has a duty to constantly check the record).

The appeal is DISMISSED.