891 F.2d 294
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re GOLDEN PLAN OF CALIFORNIA, INC., a California
corporation, Debtor and Related Entities.
Lester N. HIXSON and Rebecca Hixson, Appellants,
v.
REAL PROPERTY LOCATED AT 102 E. HARNEY LANE, LODI,
CALIFORNIA, et al., Appellees.
 No. 88-15681.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1989.*
Decided Dec. 6, 1989.
 
 Before ALARCON, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The appellants in this case failed to file a notice of appeal in the district court from the bankruptcy court's entry of an order of summary judgment within the ten-day requirement of Fed.R.Bankr. 8002(a). The appellants also failed to request an extension of time to file a notice of appeal pursuant to Fed.R.Bankr. 8002(c) or to show excusable neglect why they had failed to file a request for such an extension within the time limit prescribed by Rule 8002(c). The district court dismissed the appeal for lack of jurisdiction. The appellants claim that the bankruptcy clerk's failure to notify them of the entry of judgment should toll the time allowed for filing a notice of appeal. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 The filing of a notice of appeal from an order entered by the bankruptcy court is mandatory and jurisdictional. In re Nucorp Energy, Inc., 812 F.2d 852, 584 (9th Cir.1987). Under Fed.R.Bankr. 9022(a), which incorporates Fed.R.Civ.P. 77(d) "lack of notice of the entry does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed...." The bankruptcy clerk's failure to notify the appellants of the entry of judgment does not modify this rule, as it is the appellants' duty to monitor the progress of their case. In re Stagecoach Utilities, Inc., 86 B.R. 229, 230 (9th Cir.BAP 1988); In re Rehbein, 60 B.R. 436, 439 (9th Cir.BAP 1986).
 
 
 4
 The appellants' reliance on Hill v. Hawes, 320 U.S. 520 (1944), borders on the frivolous. As the Notes of the Advisory Committee make clear, Fed.R.Civ.P. 77(d), was amended in 1946 to reverse Hill. Under Fed.R.Civ.P. 77(d) as it has been constituted for over forty years, "notification by the clerk of the entry of a judgment has nothing to do with the starting of the time for appeal; that time starts to run from the date of entry of judgment and not from the date of notice of entry." Fed.R.Civ.P. 77(d) advisory committee's note.
 
 
 5
 The district court's order dismissing the appeal for lack of jurisdiction is hereby AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3