**In re FRONTIER AIRLINES, INC., et al., Debtors.**

**WINKEL GROUP, Appellants,**

**v.**

**FRONTIER AIRLINES, et al., Appellees.**

Civ. A. No. 88–K–1692.
Bankruptcy No. 86 B. 8021 E.

United States District Court,
D. Colorado.

Dec. 8, 1989.

Carl A. Eklund, Faegre & Benson, Denver, Colo., David P. Callet, Akin, Gump, Strauss, Hauer & Feld, Washington, D.C., Frances A. Koncilja, Morrison & Foerster, Denver, Colo., Bruce Zirinsky, Weil, Gotshal & Manges, New York City, Michael E. Katch, Katch, Anderson & Wasserman, Denis H. Mark, Waller, Mark & Allen, and Pat Parks, Denver, Colo., for appellees.

Richard S. Shaffer & Associates, Richard S. Shaffer and Richard A. Winkel, Winkel and Nemer, Denver, Colo., for appellants.

### ORDER ON MOTION TO DISMISS

KANE, Senior District Judge.

Frontier Airlines, Inc., Frontier Leasco One, Inc., Frontier Leasco Two, Inc., and Frontier Holdings, Inc. (collectively, Frontier); move to dismiss the notice of appeal

of the Winkel Group [1] as untimely. For the following reasons, the motion to dismiss is GRANTED.

On November 20, 1987, Frontier filed a motion to strike the claims of its former employees who were members of four unions. The unions executed a Job Preservation Agreement (JPA) with Frontier, whereby employees were given certain concessions in exchange for the waiver of claims against the airline. The members of the Winkel Group were among those employees who were represented by a signatory union, and each member of the group had also signed a separate waiver of claims pursuant to the JPA.

The Winkel Group responded to Frontier's motion to strike and requested a hearing. On February 12, 1988, the Andrew Group, a group of former Frontier employees who were represented by a signatory union but who had not executed separate waivers, filed a motion for partial summary judgment on the Frontier motion to strike. Frontier also moved for summary judgment, seeking to strike all "non-surviving" employee claims as defined in the JPA, regardless of whether the employee had signed a separate waiver of claims.

On September 28, 1988, the Bankruptcy Court entered its opinion and order on the cross motions for summary judgment (the September 28 Order), ruling to strike the claims of the employees, including the Winkel Group, who had signed waivers under the JPA, but denying the motion to strike as to employees who had not signed waivers. By an administrative oversight, however, the clerk entered no separate judgment until November 30, 1988. On October 11, 1988, the Winkel Group filed its notice of appeal with this court, and it revised the notice of appeal on October 13. The group then filed its designation of record on November 21, 1988.

On October 13, 1988, Frontier filed a motion to alter or amend the September 28 Order. On or about October 17, 1988, counsel for the Winkel Group contacted the bankruptcy court clerk's office to inquire whether the Winkel Group would have to file a new notice of appeal as a result of Frontier's motion to alter or amend. Counsel was erroneously advised that no new notice of appeal would be necessary. On October 28, 1988, the bankruptcy court denied Frontier's motion to alter or amend. On October 31 and November 1, 1988, respectively, two other employee groups, the Bunn Group and the Haggart Group, filed motions for reconsideration of the September 28 Order. The bankruptcy court denied these motions on March 1, 1989.[2]

On or about May 2, 1989, Frontier filed a motion requesting that the Winkel Group's participation in hearings on the allowance of labor-related claims be limited to preclude the group from contesting matters related to the September 28 Order because the time for filing a notice of appeal had expired. On May 10, 1989, the Winkel Group filed its second amended notice of appeal, and on May 19, 1989, Frontier filed the instant motion to dismiss.

■ The issue before me is whether the Winkel Group has filed a timely notice of appeal as to the September 28 Order so as to confer district court jurisdiction over this matter. *See National Acceptance Co. of Am. v. Price (In re Colorado Energy Supply, Inc.)*, 728 F.2d 1283, 1285 (10th Cir. 1984) (compliance with timely filing requirement is an absolute prerequisite to district court jurisdiction over the appeal). The requirements for the commencement of an appeal from a bankruptcy court order are set forth in the Bankruptcy Rules. Bankruptcy Rule 8002(a) provides that a notice of appeal must be filed with the clerk within ten days of the date of entry of the order appealed from. Rule 8002(b)

---

**1.** The Winkel Group consists of approximately seventy former employees of Frontier represented by attorney Richard A. Winkel.

**2.** The Winkel Group did not receive copies of the Bunn and Haggart Groups' motions for reconsideration, nor did it receive notice of the bankruptcy court's October 28, 1988 and March

1, 1989 orders denying reconsideration. On February 22, 1989, counsel for the group wrote to the clerk of the bankruptcy court advising him that the group had not been receiving filings and court orders and requesting that this situation be corrected.

further specifies that when a party files a Rule 9015 motion for judgment notwithstanding the verdict, a Rule 7052(b) motion to amend or make additional findings of fact, or a Rule 9023 motion to alter or amend or for new trial, a notice of appeal filed before the disposition of the motion "shall have no effect [and] a new notice of appeal must be filed." [3] The Winkel Group concedes that its first amended notice of appeal was ineffective under Rule 8002(b) due to the filing of various motions to reconsider the September 28 Order. Likewise, there can be little argument that its second amended notice of appeal, filed May 10, 1989, was well outside the ten-day filing limitation of Rule 8002(a), since the order denying reconsideration was entered on March 1, 1989. Although each of the Winkel Group's notices of appeal were clearly defective under the Bankruptcy Rules, the group nevertheless argues that unique circumstances require that the notice of appeal be given effect.

■ The doctrine of unique circumstances permits an otherwise untimely appeal to be considered jurisdictionally valid under certain limited circumstances. *See Thompson v. Immigration & Naturalization Serv.*, 375 U.S. 384, 387, 84 S.Ct. 397, 398, 11 L.Ed.2d 404 (1964); *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.*, 371 U.S. 215, 217, 83 S.Ct. 283, 285, 9 L.Ed.2d 261 (1962).

> Courts will permit an appellant to maintain an otherwise untimely appeal in unique circumstances in which the appellant reasonably and in good faith relied upon judicial action that indicated to the appellant that his assertion of his right to appeal would be timely, so long as the judicial action occurred prior to the expiration of the official time period such that the appellant could have given timely notice had he not been lulled into inactivity.

*Willis v. Newsome*, 747 F.2d 605, 606 (11th Cir.1984); *see also Stauber v. Kieser*, 810 F.2d 1, 1 (10th Cir.1982) (district court erroneously granted extension for filing of Fed. R.Civ.P. 59(e) motion; notice of appeal filed after denial of motion would be considered timely). Because the time limit for filing a notice of appeal is jurisdictional and strictly enforced, *see Galt v. Jericho–Britton (In re Nucorp Energy, Inc.)*, 812 F.2d 582, 584 (9th Cir.1987), the doctrine of unique circumstances is narrowly applied, *see In re Provan*, 74 B.R. 717, 720 (Bankr. 9th Cir. 1987), *aff'd*, 862 F.2d 318 (9th Cir.1988).

■ The Winkel Group argues that two occurrences justify the application of the unique circumstances doctrine in this case. First, the group contends that the erroneous advice of the bankruptcy court clerk led them to believe that a new notice of appeal was not required upon the filing of a motion for reconsideration. Reliance on the statements, action, or inaction by the clerk of the court normally will not justify application of the doctrine of unique circumstances. *See, e.g., Sonicraft v. NLRB*, 814 F.2d 385, 387 (7th Cir.1987) (misleading advice of the clerk cannot extend jurisdictional deadline for filing petition for review); *Spinetti v. Atlantic Richfield Co.*, 552 F.2d 927, 930 (Temp.Emer.Ct.App.1976) ("attorneys may not escape from their procedural errors by claiming reliance on a district court clerk's advice"); *In re Provan*, 74 B.R. at 720–21 (attorney's reliance on clerk's acceptance of designation of record, even though notice of appeal never received, insufficient to invoke doctrine). In the few cases in which the doctrine has been applied, the misleading action of the clerk has related to the time period for filing the notice of appeal, not its legal effect. *Cf. Willis v. Newsome*, 747 F.2d at 606 (remanding for a determination whether attorney reasonably relied on clerk's representation that, pursuant to local practice, notice of appeal would be date-stamped with mailing date).

---

3. The Bunn and Haggart Group's motions to reconsider were made pursuant to Bankr.R. 3008. However, a Rule 3008 motion brings into question the correctness of the underlying decision just as a Rule 9015, 7052(b) or 9023 motion, and it therefore tolls the time for filing a notice of appeal. *See, e.g., In re Opelika Mfg. Corp.*, 94 B.R. 484, 487 (N.D.Ill.1988); *In re Ambassador Park Hotel, Ltd.*, 61 B.R. 792, 796 (N.D.Tex.1986).

In this case, the Winkel Group's reliance on the clerk's misstatements as to the need to file a new notice of appeal does not justify application of the unique circumstances doctrine. First, the clerk's advice did not go to the timeliness of the notice of appeal, but to whether a new notice was required. The cases applying this doctrine are therefore distinguishable, in that they involve a party's reliance on court action in determining the timeliness of notice of appeal and not the legal significance of an intervening motion to reconsider. More importantly, the Bankruptcy Rules straightforwardly supply the answer to counsel's question as to the effect of a motion for reconsideration. *See* Bankr.R. 8002(b). Resort to the advice of the clerk is no substitute for diligent legal research, and the doctrine of unique circumstances provides no escape for counsel's failure to read the rules.

The Winkel Group's second contention is that the failure to receive critical filings and court rulings, despite its attempt to correct this problem, justifies application of the doctrine of unique circumstances. This circuit has long held that an attorney for a prospective appellant must follow the progress of the action and has a duty to inform himself of the entry of the court's order from which he is to appeal. *Lathrop v. Oklahoma City Housing Auth.*, 438 F.2d 914, 915 (10th Cir.), *cert. denied*, 404 U.S. 840, 92 S.Ct. 132, 30 L.Ed.2d 73 (1971). Notification by the clerk of the entry of orders is merely for the convenience of litigants. *See* Fed.R. Civ.P. 77 advisory committee's note. Moreover, Bankruptcy Rule 9022 expressly provides that "[l]ack of notice of the entry does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002." [4] Thus, the group's failure to receive notice of the entry of the March 1, 1989 order will not excuse its late notice of appeal. *See, e.g., In re Longardner & Assocs., Inc.*, 855 F.2d 455, 463–64 (7th Cir.1988), *cert. denied*, — U.S. ——, 109 S.Ct. 1130, 103 L.Ed.2d 191 (1989); *Martinez v. Peelle Fin. Corp. (In re Martinez)*, 97 B.R. 578, 580 (Bankr. 9th Cir.1989).

Accordingly, I find that there are no unique circumstances in this case to justify departure from the jurisdictional rules which require the timely filing of a notice of appeal. The motion to dismiss is therefore GRANTED.

---

4. It is undisputed that the Winkel Group made no Rule 8002 motion for an extension of time.