FILED

APR 06 2012

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY APPELLATE PANEL

OF THE NINTH CIRCUIT

| | | |
|---|---|---|
| In re: | ) | BAP No. WW-11-1180-JuHKi |
| | ) | |
| MICHAEL PETER SPITZAUER, | ) | Bk. No. 10-16355 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| MICHAEL PETER SPITZAUER, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | M E M O R A N D U M* |
| | ) | |
| EXOTERM HOLDING D.D.; | ) | |
| WILLIAM FRANCKE; MANDY | ) | |
| FRANCKE; CHAKRA ENERGY | ) | |
| CORPORATION, | ) | |
| | ) | |
| Appellees. | ) | |
| _____ | ) | |

Submitted Without Oral Argument
on March 23, 2012**

Filed - April 6, 2012

Appeal from the United States Bankruptcy Court
for the Western District of Washington

Honorable Samuel J. Steiner,[1] Bankruptcy Judge, Presiding

_____

* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

** This case was submitted without oral argument pursuant to a stipulation by the parties.

[1] Effective April 4, 2011, the bankruptcy case was reassigned from Bankruptcy Judge Samuel J. Steiner to Bankruptcy Judge Timothy W. Dore. The order on appeal was signed by Judge Steiner.

-1-

Appearances:    John R. Scannell of ActionLaw.Net on brief for Appellant Michael Peter Spitzauer; Frederick Mendoza on brief for Appellee Chakra Energy Corporation; Steven D. Phillips of Stoel Rives LLP on brief for Appellee Exoterm Holding D.D.; Bradley B. Jones of Gordon Thomas Honeywell LLP on brief for Appellees William and Mandy Francke

_____

Before:  JURY, HOLLOWELL, and KIRSCHER, Bankruptcy Judges.

Debtor Michael Spitzauer appeals the decision of the bankruptcy court denying his motion for extension of time to file a notice of appeal ("NOA").  Because the motion was untimely, we AFFIRM.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

This appeal is one of several attempts by debtor to reverse the bankruptcy court's decision to convert his bankruptcy case from one under chapter 13[2] to chapter 7.

On June 2, 2010, debtor filed a petition for bankruptcy under chapter 13.[3]  On June 15, 2010, Exoterm Holding D.D., William and Mandy Francke, and Chakra Energy Corporation ("Appellees") filed a motion to convert the case from chapter 13 to chapter 7 based in part on debtor's three prior bankruptcy filings within four months.  On July 19, 2010, debtor filed a

_____

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. "Rule" references are to the Federal Rules of Bankruptcy Procedure and "Civil Rule" references are to the Federal Rules of Civil Procedure.

[3] We take judicial notice of the bankruptcy court docket in the underlying bankruptcy case, No. 10-16355-TWD. Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

-2-

competing motion to voluntarily dismiss his chapter 13 bankruptcy case. On July 22, 2010, the bankruptcy court granted Appellees' motion to convert the case to chapter 7.

On August 2, 2010, debtor filed a motion for reconsideration of the conversion order. Appellees opposed the motion for reconsideration. On October 28, 2010, the bankruptcy court denied debtor's motion for reconsideration.

On November 15, 2010, debtor filed both a motion for extension of time for filing a NOA and a NOA, appealing the bankruptcy court's order denying reconsideration. On November 19, 2010, the bankruptcy court denied debtor's motion for an extension of time on grounds the NOA deprived the bankruptcy court of jurisdiction.[4] On February 22, 2011, this Panel dismissed debtor's first appeal for lack of jurisdiction due to the untimely NOA.

On February 25, 2011, debtor filed a second motion for an extension of time to file a NOA. On April 5, 2011, the bankruptcy court denied debtor's second motion for extension. On April 18, 2011, debtor filed a second NOA, this time appealing the bankruptcy court's denial of the extension.

## II. JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(1). This Panel has jurisdiction under 28 U.S.C. § 158.

## III. ISSUE

---

[4] The filing of a NOA does not deprive the bankruptcy court of jurisdiction on matters related to the extension of time to file a NOA. In re Provan, 74 B.R. 717, 719 (9th Cir. BAP 1987).

-3-

Whether the bankruptcy court abused its discretion in denying debtor's second motion for extension of time to file a NOA.[5]

## IV. STANDARD OF REVIEW

We review a bankruptcy court's order denying a motion for extension of time to file a NOA for abuse of discretion. <u>Alaska Limestone Corp. v. Hodel</u>, 799 F.2d 1409, 1411 (9th Cir. 1986). A bankruptcy court abuses its discretion when it makes an error of law, when it rests its decision on clearly erroneous findings of fact, or when we are left with a definite and firm conviction that the bankruptcy court committed a clear error of judgment. <u>United States v. Hinkson</u>, 611 F.3d 1094, 1114 (9th Cir. 2010)(en banc), *cert. denied*, 131 S.Ct. 2096.

## V. DISCUSSION

Rule 8002 governs the time for filing a NOA.  Rule 8002(a) provides that the NOA shall be filed with the clerk within 14 days of the entry of the judgment, order, or decree appealed from.

Rule 8002(c)(2) permits an extension of time to file a NOA.  Rule 8002(c)(2) provides:

A request to extend the time for filing a notice of

---

[5] The Panel does not decide the issues briefed by both parties relating to the bankruptcy court's order denying reconsideration, nor does it address the underlying issue also raised in debtor's brief - whether he had a right to voluntary dismissal.  On February 22, 2011, this Panel dismissed debtor's appeal of the reconsideration order.  Our dismissal was without prejudice on the condition that debtor seek relief under Rule 9024 to obtain an order granting an extension of time to file an appeal.  Debtor's failure to seek that relief bars our consideration of those issues.

-4-

> appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 21 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect. . . .

There is, therefore, a maximum of 35 days from the entry of the order on appeal to file a motion for extension.

In this case, the bankruptcy court correctly denied debtor's motion for an extension because the motion was untimely. The order denying reconsideration was entered on October 28, 2010. On February 25, 2011, or 120 days later, debtor filed his motion for an extension of time to file a NOA. Even assuming debtor made a showing of excusable neglect, the motion was filed well past the maximum 35 days permitted by Rule 8002(c)(2).

## VI. CONCLUSION

Having determined the bankruptcy court did not abuse its discretion by denying the motion for extension of time to file a NOA, we AFFIRM.