In re William J. BEVERLY, Debtor,

Stephanie Beverly, Appellant,

v.

Edward M. Wolkowitz; Catherine Outland; Susan Outland Gleason, individually and as Administrator of the Estate of Christine Martell, Appellees.

In re William J. Beverly, Debtor,

William J. Beverly, Appellant,

v.

Edward M. Wolkowitz; Catherine Outland; Susan Outland Gleason, individually and as Administrator of the Estate of Christine Martell, Appellees.

Nos. 07–56133, 07–56304.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 10, 2008.

Filed Dec. 24, 2008.

Dennis E. McGoldrick, Torrance, CA; Joshua D. Wayser, Locke, Lord, Bissell & Liddell, Los Angeles, CA, for the appellants.

Douglas D. Kappler, Los Angeles, CA; Sidney Lanier, Ayscough & Marar, Torrance, CA, for the appellees.

Before: MELVIN BRUNETTI and BARRY G. SILVERMAN, Circuit Judges, and SUZANNE B. CONLON,* District Judge.

* The Honorable Suzanne B. Conlon, United States District Judge for the Northern District of Illinois, sitting by designation.

## ORDER

William Beverly appeals the Bankruptcy Appellate Panel's published decision denying him a discharge pursuant to 11 U.S.C. § 727(a)(2)(A). *In re Beverly*, 374 B.R. 221 (9th Cir.BAP 2007). However, the Bankruptcy Court decision on the § 727 claims resolved only one of two consolidated cases and contained no Fed.R.Civ.P. 54(b) certification. Both the BAP and Bankruptcy Court § 727 decisions are interlocutory and we lack jurisdiction to consider the § 727 claims. *In re Lievsay*, 118 F.3d 661, 662 (9th Cir.1997) (per curiam); *Huene v. U.S.*, 743 F.2d 703, 705 (9th Cir.1984); *In re Mason*, 709 F.2d 1313, 1315 (9th Cir.1983).

William and Stephanie Beverly also appeal the BAP's reversal of the Bankruptcy Court's grant of summary judgment in their favor in a related adversary proceeding. The BAP held that the Beverlys' transfer of assets through a marital settlement agreement was an avoidable transfer pursuant to 11 U.S.C. § 544(b) and Cal. Civ.Code § 3439.04. The BAP also rejected the argument that our decision in *Gill v. Stern (In re Stern)*, 345 F.3d 1036 (9th Cir.2003), allowed the transfer in this case. We have jurisdiction to consider the avoidance claims pursuant to 28 U.S.C. §§ 158(d)(1) and 1291 and adopt as our own the well-reasoned BAP opinion, *In re Beverly*, 374 B.R. 221.

AFFIRMED in part and DISMISSED in part.