# FILED

**NOT FOR PUBLICATION**

OCT 26 2015

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No.   CC-14-1310-KuDTa |
| KAHTAN BAYATI, | Bk. No.   2:13-bk-36168-VZ |
| Debtor. | |
| KAHTAN BAYATI, | |
| Appellant, | |
| v. | **MEMORANDUM**[*] |
| WILLIAM MUSHARBASH; TOWN SQUARE M PROPERTIES, LLC; NANCY K. CURRY, Chapter 13 Trustee; UNITED STATES TRUSTEE, | |
| Appellees. | |

Submitted Without Oral Argument
on September 24, 2015

Filed – October 26, 2015

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Vincent P. Zurzolo, Bankruptcy Judge, Presiding

Appearances:     Appellant Kahtan Bayati on brief pro se; Bahram Madaen on brief for appellees William Musharbash and Town Square M Properties LLC.

Before: KURTZ, DUNN and TAYLOR, Bankruptcy Judges.

---

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

**INTRODUCTION**

Chapter 13[1] debtor Kahtan Bayati appeals from the bankruptcy court's relief from stay order permitting appellees William Musharbash and Town Square M Properties LLC to proceed with state court litigation regarding a disputed lease of real property. In granting relief from stay, the bankruptcy court acted well within the bounds of its discretion, and the record amply supports the bankruptcy court's key findings. Accordingly, we AFFIRM the bankruptcy court's relief from stay order, and we also AFFIRM the bankruptcy court's denial of Bayati's reconsideration motion.

Bayati also seeks appellate review of the bankruptcy court's oral ruling denying his motion seeking a declaration that Town Square M Properties effectively "rejected" its entitlement under § 365(h) to retain its rights under the lease and seeking turnover of the property. However, that ruling was interlocutory – not final – and we decline to grant leave to appeal. Accordingly, we DISMISS FOR LACK OF JURISDICTION Bayati's appeal of the bankruptcy court's oral ruling denying his lease rejection and turnover motion.

**FACTS**

Bayati filed his chapter 13 petition on October 29, 2013. In his schedules, he listed two parcels of raw land located in Pomona, California. In addition, he listed in his statement of financial affairs his lawsuit pending in the Los Angeles County

---

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure. All "Civil Rule" references are to the Federal Rules of Civil Procedure.

2

Superior Court against Musharbash, Town Square M Properties and others alleging multiple causes of action, including eviction, fraud and waste, all related to Town Square M Properties' alleged lease and occupancy of the Pomona land. Bayati did not mention in his statement of financial affairs the numerous cross-claims Town Square M Properties and Musharbash filed against him and others for breach of lease, fraud, specific performance, declaratory relief and so on.

In November 2013, Bayati filed his proposed chapter 13 plan. In the plan, Bayati proposed to reject the disputed real property lease under § 365(a). Town Square M Properties filed an opposition to the plan. Among other things, Town Square M Properties asserted in its opposition that, depending on the outcome of the state court litigation, the unsecured debt owed to it might cause Bayati to exceed the eligibility limitations set forth in § 109(e). Alternately, Town Square M Properties asserted that the plan was not feasible because it failed to account for Bayati's potential liability to it. The bankruptcy court ultimately confirmed the plan over Town Square M Properties' objection, but conditioned confirmation as follows: "Case [plan] is confirmed pending determination of the amount of the unliquidated, unsecured claim filed by creditor Town Square . . . . Trustee is to dismiss case if unsecured claim exceeds debt limit." Order Confirming Chapter 13 Plan (June 25, 2014) at p. 2.

Meanwhile, in February 2014, Musharbash filed its motion for relief from the automatic stay to permit Musharbash to proceed with the state court litigation. In support of the motion,

3

Musharbash submitted two declarations – one using the form provided by the bankruptcy court – plus a supplemental declaration, which accompanied Musharbash's other moving papers and exhibits.[2]

In his declarations, Musharbash explained that Bayati commenced the state court lawsuit in June 2010, and the parties had vigorously litigated their claims and crossclaims during the next three years, up to the time of Bayati's late-October 2013 bankruptcy filing. As Musharbash put it:

> 4. The abovementioned case has been completed and is ready for trial. I have gone through numerous motions and discoveries and spent substantial amount of money to continue the case and prepare for trial. ( A true copy of the case summary is attached as exhibit "2")

> 5. As of December 20, 2013, I have incurred legal fees and cost through my attorney $589,480, and so far I have paid $336,009 and I owe him $253,471.

Musharbash Decl. (Feb. 3, 2014) at ¶¶ 4-5. According to Musharbash, at the time of Bayati's bankruptcy filing, the state court was about to hold (on October 30, 2013) its final case

[2]Bayati argues that the bankruptcy court should have denied the relief from stay motion because the wrong bankruptcy case number was listed on the supplemental declaration. This argument is specious. In spite of the clerical error, there was no legitimate doubt that the supplemental declaration pertained to Bayati's bankruptcy case. His name is correctly listed as "debtor" right next to the erroneous case number, and the contents of the declaration unequivocally concern Bayati's bankruptcy case and the state court litigation commenced by Bayati. Furthermore, the supplemental declaration with the erroneous case number was filed in the correct bankruptcy case and was accompanied by all of the other relief from stay moving papers, which listed the correct case number and which were served on Bayati's counsel.

management conference, and trial was set for mid-November 2013.

Much of the rest of Musharbash's supplemental declaration is devoted to describing the lease dispute that the parties had been litigating in the state court since 2010. Generally speaking, the litigation involves a purported lease by Town Square M Properties of vacant land, which lease Bayati alleges he never actually entered into or alternately alleges he is entitled to rescind. To counter these allegations, Musharbash asserts among other things that he has made hundreds of thousands of dollars in lease payments to Bayati, that he is current on the lease payments and that Bayati has accepted the lease payments. Bayati disputes that Musharbash is current on the lease payments.

The parties stipulated to continue the relief from stay hearing and filed multiple papers in support of and in opposition to the relief from stay motion. Both parties' papers are largely devoted to describing (and arguing) the disputes at issue in the state court litigation, but the precise details of those disputes are not material to our resolution of this appeal. It suffices for us to say that these disputes are hotly contested and concern events spanning several years, from the alleged commencement in 2006 of negotiations for the lease of the Pomona land to the filing of Bayati's state court complaint in 2010. The parties also disagree about how much in rent has been paid since the lawsuit began.

In his opposition to the relief from stay motion, Bayati admitted that he already has spent over $500,000 litigating in the state court. Indeed, he states that the amounts he had spent prosecuting the state court lawsuit impoverished him and directly

5

led to his bankruptcy filing.

In March 2014, while the relief from stay motion was pending, Bayati filed a motion seeking a declaration that Town Square M Properties had "rejected" the purported lease under § 365(h) and also seeking turnover of the land based on this alleged rejection. At the April 14, 2014 hearing on Bayati's lease rejection and turnover motion, the bankruptcy court orally denied the motion, but that oral ruling never was reduced to writing. The court directed counsel for Town Square M Properties to lodge an appropriate form of order, but counsel never did so.

At the April 29, 2014 relief from stay hearing, the bankruptcy court stated that it would grant the stay relief as Musharbash requested. The court explained its reasoning as follows:

> The moving party has given me admissible evidence establishing that the state court had advanced to a significant stage. They were prepared to go forward. They are very close -- actually trial had been set. There were parties involved besides the Debtor which would complicate having the matter adjudicated in two different foraa [sic], i.e. having the nondischargeability adversary proceeding adjudicated here, as well as having the matter also adjudicated in state court with regards to other parties. Finally, the fact that the filing of the bankruptcy case was just before trial was about to commence in the state court action, I draw the inference that the Debtor filed this bankruptcy case to delay the state court action.

Hr'g Tr. (April 29, 2014) at 2:25-3:12.

After the bankruptcy court orally granted relief from stay but before entry of the relief from stay order, Bayati filed a reconsideration motion in which he mainly complained that Musharbash had lied to the court. Whereas Musharbash had stated that trial was set for November 12, 2013, Bayati pointed out that

6

trial actually was set for six days later – on November 18, 2013.[3]

At the hearing on the reconsideration motion, the bankruptcy court stated that it would deny reconsideration for two reasons: (1) the court had not yet entered a final order granting relief from stay; and (2) Bayati had not presented any evidence to establish any grounds for relief under either Rule 9023 or Rule 9024.

The bankruptcy court entered both its order granting relief from stay and its order denying reconsideration on June 12, 2014, and Bayati timely filed a notice of appeal on June 16, 2014. In addition to referencing the court's relief from stay order and the order denying reconsideration, Bayati's notice of appeal referenced the court's oral ruling denying his lease rejection and turnover motion.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A), (E) and (G). Except as otherwise stated in this decision, we have jurisdiction under 28 U.S.C. § 158.

---

[3]This minor inaccuracy regarding the trial date does not support reversal of either the bankruptcy court's relief from stay order or its denial of Bayati's reconsideration motion. On this record, we are convinced that this six-day difference would not have changed (and should not have changed) the bankruptcy court's rulings. In this sense, the trial date discrepancy was harmless error, and the bankruptcy court was obliged to ignore harmless error. See Civil Rule 61 (made applicable in bankruptcy cases by Rule 9005).

7

**ISSUES**

1.  Did the bankruptcy court abuse its discretion when it granted Town Square M Properties' relief from stay motion?

2.  Did the bankruptcy court abuse its discretion when it denied Bayati's reconsideration motion?

3.  Does this court have jurisdiction to consider Bayati's appeal from the bankruptcy court's oral ruling denying Bayati's lease rejection and turnover motion?

**STANDARDS OF REVIEW**

We review for an abuse of discretion the bankruptcy court's order granting relief from stay. Moldo v. Matsco, Inc. (In re Cybernetic Servs.), 252 F.3d 1039, 1045 (9th Cir. 2001); Benedor Corp. v. Conejo Enters., Inc. (In re Conejo Enters., Inc.), 96 F.3d 346, 351 (9th Cir. 1996).

We also review for an abuse of discretion the bankruptcy court's denial of Bayati's reconsideration motion. Benson v. JPMorgan Chase Bank, N.A., 673 F.3d 1207, 1211 (9th Cir. 2012). The bankruptcy court abuses its discretion if it applies an incorrect legal rule or its factual findings are illogical, implausible or unsupported by the record. United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).

Considering the finality of the bankruptcy court's oral ruling denying Bayati's lease termination and turnover motion is a jurisdictional issue, which we have a duty to raise sua sponte and which we review de novo. Wolkowitz v. Beverly (In re Beverly), 374 B.R. 221, 230 (9th Cir. BAP 2007), aff'd in part, dismissed in part, 551 F.3d 1092 (9th Cir. 2008); see also Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) ("courts . . .

8

have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

**DISCUSSION**

Under § 362(a), an automatic stay is imposed in most bankruptcy cases upon commencement of the case, which stay enjoins non-debtors from, among other things, moving forward with litigation against the debtor pending outside the bankruptcy court. In re Conejo Enters., Inc., 96 F.3d at 351. However, the bankruptcy court may modify or terminate the stay "for cause." § 362(d)(1). In the context of a relief from stay motion seeking to proceed with pending state court litigation, what constitutes cause is determined on a case-by-case basis. Id. at 352; Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.), 912 F.2d 1162, 1166 (9th Cir. 1990).

Here, the bankruptcy court explicitly considered several factors. The court noted the presence of non-debtor parties – parties other than Bayati against whom Town Square M Properties and Musharbash have filed cross-claims in the state court lawsuit. The court also noted that Musharbash and Town Square M Properties had commenced a nondischargeability proceeding arising from the same disputed lease transaction. But most important to the bankruptcy court was the advanced state of the state court lawsuit, which was ready for trial and for which a trial date already had been set. In essence, the bankruptcy court determined that the interests of efficient and economical resolution of the parties' dispute strongly militated in favor of permitting the state court to finish the lawsuit, which was well

9

on its way to completion.

The undisputed facts in the record further reflected an absence of factors militating against relief from stay. In light of the pending nondischargeability proceeding and a pending objection to Town Square M Properties' proof of claim, the determination of Bayati's liability (if any) to Town Square M Properties and the determination of the amount of that liability needed to be adjudicated either in the state court or the bankruptcy court, and the state court was poised to resolve those issues. Thus, permitting the state court lawsuit to proceed fostered the expeditious administration of the bankruptcy case. In addition, the issues concerning the existence and amount of liability were controlled in this instance by state law and not bankruptcy law. See generally § 502(b)(1); Johnson v. Righetti (In re Johnson), 756 F.2d 738, 741 (9th Cir. 1985) ("in proof of claim litigation under 11 U.S.C. § 502(b)(1), the validity of the claim is determined under state law."). Finally, the bankruptcy court's inference that Bayati filed his bankruptcy case in bad faith in order to delay the state court proceedings also militated in favor of lifting the stay.

In any event, the lynchpin of the bankruptcy court's relief from stay ruling was its finding that allowing the state court action to proceed would promote the efficient and economical resolution of the parties' dispute, and the Ninth Circuit has held that, in some instances, interests of efficiency and economy by themselves may be sufficient to support an order granting relief from stay. See Packerland Packing Co. v. Griffith Brokerage Co. (In re Kemble), 776 F.2d 802, 807 (9th Cir. 1985)

10

("The prior extensive preparation for the damages retrial made proceeding with that trial efficient. The decision to lift the stay could be upheld on this ground alone.").

In short, the bankruptcy court considered the appropriate factors, and the record amply supported the findings the court made in support of its relief from stay ruling. We certainly cannot say that any of its findings were illogical, implausible or without support in the record. Therefore, the bankruptcy court did not abuse its discretion in granting Musharbash's relief from stay motion.

As for Bayati's reconsideration motion, the bankruptcy court correctly treated it as a motion for relief under Rule 9023 and Rule 9024. See Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001). The bankruptcy court also correctly found that Bayati had not submitted any evidence demonstrating any of the grounds for relief set forth in Rules 9023 and 9024. Mere disagreement with the court's ruling is not a proper basis for seeking reconsideration under Civil Rule 59(e) or Civil Rule 60 (made applicable in bankruptcy cases by Rules 9023 and 9024). See, e.g., Faysound Ltd. v. United Coconut Chemicals, Inc., 878 F.2d 290, 296 (9th Cir. 1989); Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985). Consequently, the bankruptcy court did not abuse its discretion in denying Bayati's reconsideration motion.

The only other issue we must address is the finality of the bankruptcy court's oral ruling denying Bayati's lease rejection and turnover motion. The bankruptcy court correctly stated that the motion should have been brought as an adversary proceeding.

11

See Rule 7001(1), (9). This was the principal reason the bankruptcy court cited for denying the motion.

The court also expressed concern that the motion was "confused and confusing" with respect to its assertion that the lease should be "deemed rejected" based on the conduct of Town Square M Properties - the non-debtor party to the lease. The court highlighted this concern by pointing out the following: (1) only the bankruptcy trustee (or a debtor-in-possession) may assume or reject an unexpired lease under § 365; (2) any attempt by Bayati – as the debtor – to reject the lease was not effective unless and until the bankruptcy court entered an order approving the rejection; and (3) even if Bayati duly rejected the lease, Town Square M Properties would have the option under § 365(h)(1)(A)(ii) to retain its use and occupancy rights under the lease. The court further noted its concern that Bayati might not even satisfy the eligibility requirements set forth in § 109(e) for chapter 13 debtors. Based on all of the above-referenced points and concerns, the bankruptcy court denied the motion.

The bankruptcy court's oral ruling amounted to nothing more than a denial without prejudice of the relief requested. Reading the court's comments as a whole, we are convinced that the bankruptcy court manifested an intent not to preclude Bayati from seeking the same relief by way of a properly commenced adversary proceeding, in which Bayati could have clarified his allegations and the nature of the relief he was seeking.[4]

---

[4]In spite of the ambiguities noted by the bankruptcy court,
(continued...)

12

An order dismissing an action or denying relief is considered interlocutory and not final if the court manifested an intent to permit further litigation in the matter. See WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Giesbrecht v. Fitzgerald (In re Giesbrecht), 429 B.R. 682, 687 (9th Cir. BAP 2010) (citing Slimick v. Silva (In re Slimick), 928 F.2d 304, 307 (9th Cir. 1990)). This is true in bankruptcy cases because the governing principles of flexible finality dictate that a bankruptcy court ruling only is considered final if it "1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed." Rosson v. Fitzgerald (In re Rosson), 545 F.3d 764, 769 (9th Cir. 2008). "In bankruptcy, a complete act of adjudication does not need to end the entire case, 'but must end any of the interim disputes from which appeal would lie.'" In re Giesbrecht, 429 B.R. at 687 (quoting In re Slimick, 928 F.2d at 307 n.1). Here, the bankruptcy court's oral ruling denying Bayati's lease termination and turnover motion satisfied none of the flexible finality criteria.

We acknowledge that Bayati's attempt to appeal the denial of his lease rejection and turnover motion also is problematic because the court never entered a written order denying the motion. See Rule 8002(2) ("A notice of appeal filed after the

---

[4](...continued)
Bayati has made it clear on appeal that, by way of his motion, he was arguing that Town Square M Properties forfeited or otherwise lost its rights under § 365(h)(1)(A)(ii) by allegedly not making lease payments after Bayati commenced his bankruptcy case. We express no opinion on the merits of Bayati's argument.

13

bankruptcy court announces a decision or order – but before entry of the judgment, order, or decree – **is treated as filed on the date of and after the entry**.") (emphasis added).  We further acknowledge that the Ninth Circuit Court of Appeals, on occasion, has chosen to bypass the requirement of an entered written judgment or order.  See, e.g., Noli v. C.I.R., 860 F.2d 1521, 1525 (9th Cir. 1988); but see Sewell v. MGF Funding, Inc. (In re Sewell), 345 B.R. 174, 181 (9th Cir. BAP 2006) (noting inherent limitations in Noli's holding).  Here, it would have been easy enough for us to grant a limited remand with a direction for the bankruptcy court to enter a written order and thereby rectify the absence of a written order for appeal purposes.

Nonetheless, the finality issue we address above overshadows the lack of an entered written order.  Regardless of whether the bankruptcy court eventually enters an order or not, the interlocutory nature of the court's ruling would persist.

Even though the bankruptcy court's ruling was interlocutory, and no motion for leave to appeal was filed, we can and will consider Bayati's timely notice of appeal as a motion for leave to appeal.  See Rule 8004(d); Roderick v. Levy (In re Roderick Timber Co.), 185 B.R. 601, 604 (9th Cir. BAP 1995).  Having considered Bayati's appeal papers and the governing standards for granting leave to appeal, we are not persuaded that his appeal from the denial of his lease termination and turnover motion involves a controlling question of law as to which there is substantial ground for difference of opinion.  Nor are we persuaded that permitting immediate appeal of that ruling would

14

potentially advance the ultimate termination of the parties' litigation. As a result, we deny leave to appeal, and we lack jurisdiction to hear the appeal from the denial of Bayati's lease termination and turnover motion.

**CONCLUSION**

For the reasons set forth above, we AFFIRM the bankruptcy court's order granting Town Square M Properties' relief from stay motion. We also AFFIRM the bankruptcy court's denial of Bayati's reconsideration motion, and we DISMISS FOR LACK OF JURISDICTION Bayati's appeal of the bankruptcy court's interlocutory oral ruling denying his lease rejection and turnover motion.