FILED

JUL 07 2016

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

In re:                              )    BAP No.   NC-14-1372-KuWJu
                                    )
THE ZUERCHER TRUST OF 1999,         )    Bk. No.   12-32747
                                    )
                 Debtor.            )    Adv. No.  13-03046
_____)
                                    )
UPTOWN STERLING, LLC; MONICA        )
HUJAZI,                             )
                                    )
                 Appellants,        )
                                    )
v.                                  )    **MEMORANDUM**[*]
                                    )
E. LYNN SCHOENMANN, Chapter 7       )
Trustee,                            )
                                    )
                 Appellee.          )
_____)

Argued on January 21, 2016
at San Francisco, California

Submitted – May 26, 2016

Filed – July 7, 2016

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Hannah L. Blumenstiel, Bankruptcy Judge, Presiding

Appearances:    Bradley Kass of Kass & Kass Law Offices argued for
                appellants Uptown Sterling, LLC and Monica Hujazi;
                Thomas F. Koegel of Crowell & Moring LLP argued
                for appellee E. Lynn Schoenmann, Chapter 7
                Trustee.

_____

[*]This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may
have (see Fed. R. App. P. 32.1), it has no precedential value.
See 9th Cir. BAP Rule 8024-1.

Before: KURTZ, WANSLEE[**] and JURY, Bankruptcy Judges.

**INTRODUCTION**

Uptown Sterling, LLC and Monica Hujazi appeal from an interlocutory order appointing a receiver and granting injunctive relief pursuant to state law, as made applicable in adversary proceedings by Rule 7064.[1] By order entered December 17, 2014, a motions panel of this court previously granted the appellants leave to appeal.

However, upon further consideration, because the appellants lack standing to appeal all but one limited aspect of the order on appeal, and because the probability we could grant meaningful relief as to this limited aspect is remote, we conclude (with the benefit of hindsight) that leave to appeal was improvidently granted. There is no legitimate reason why this appeal needs to be decided now as to the narrow issue that survives our standing inquiry.

Accordingly, we hold that leave to appeal will be DENIED and this appeal will be DISMISSED for lack of jurisdiction.

**FACTS**

The Zuercher Trust was owned and controlled by Monica Hujazi and was formed as a business trust to own, develop and manage California real estate. Hujazi commenced a chapter 11 bankruptcy

---

[**]Hon. Madeleine C. Wanslee, United States Bankruptcy Judge for the District of Arizona, sitting by designation.

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. All "Civil Rule" references are to the Federal Rules of Civil Procedure.

2

case on behalf of the Zuercher Trust in September 2012 because a foreclosure sale of some of the trust's real property was imminent.

In January 2013 the bankruptcy court ordered the appointment of a chapter 11 trustee, and in March 2013 the trustee commenced an adversary proceeding seeking to avoid and recover as fraudulent transfers under § 548 several transfers of real property the Zuercher Trust made to other entities. According to the complaint, these transfers included: (1) an apartment building located on Martin Luther King Junior Way in Oakland California to Uptown Sterling; (2) an apartment building located on Mission street in San Francisco to SF Corners LLC; (3) a parcel of real property located on Amphlett Boulevard in San Francisco to Peninsula Commons LLC; and (4) a parcel of real property located on San Raymundo Road in Hillsborough, California to Peninsula Commons LLC.

Defendants admitted in their answer that the Zuercher Trust transferred the Oakland apartment building in September 2011 and that it transferred the other parcels of real property referenced in the complaint in April 2011. Hujazi was unable during discovery to produce any documentation demonstrating that the Zuercher Trust received anything of value in exchange for these transfers, nor was she able to recollect during her January 2014 deposition any such value given. Also during discovery, Hujazi confirmed that she owned and/or controlled each of the transferee entities that had received real property from the Zuercher Trust in 2011.

After a significant amount of discovery was completed, in

3

March 2014 the trustee filed a motion for the appointment of a receiver.[2] The moving papers discussed at length the risks the trustee allegedly faced if the transferees continued to retain possession and control of the transferred properties before the resolution of the fraudulent transfer litigation. In addition, the trustee pointed out that, after considerable discovery, Hujazi had been unable to demonstrate that the Zuercher Trust had received any value in exchange for the transferred properties, so the trustee asserted that he had a high likelihood of success in the fraudulent transfer action.

Otherwise, however, the moving papers did not go into any detail regarding the trustee's claimed interest in the properties, the merits of the trustee's fraudulent transfer claims, or the likelihood that the trustee would prevail. For instance, there was no discussion in the moving papers regarding the Zuercher Trust's intent in transferring the property, which is an essential element for obtaining relief under § 548(a)(1)(A) from an actually fraudulent transfer, and there also was no discussion regarding the Zuercher Trust's financial condition, which is a critical factor for obtaining relief under § 548(a)(1)(B) from a constructively fraudulent transfer.

In their opposition to the receivership motion, the

---

[2]In the midst of the receivership proceedings, the Zuercher Trust's bankruptcy case was converted to chapter 7, and a chapter 7 trustee was appointed, who took over in place of the chapter 11 trustee in the adversary proceeding. For purposes of resolving this appeal, there is no significant distinction between the chapter 11 trustee's role in this matter and the chapter 7 trustee's role, so for ease of reference, we refer to both herein simply as the trustee.

4

defendant transferees and Hujazi contended that the trustee had not demonstrated a likelihood of success on the merits.

After holding two hearings on the receivership motion and considering the additional information submitted by the transferee entities and Hujazi, the bankruptcy court ruled that it would appoint a receiver to take possession and control of two of the transferred properties, one of which was the Oakland apartment building and the other was the Mission Street apartment building. In essence, the bankruptcy court found that there was a substantial risk of loss associated with these two properties. The bankruptcy court inferred this risk of loss based largely on the financial records that the transferee entities and Hujazi had provided to the court, which contained significant errors and omissions. According to the bankruptcy court, the inaccurate and incomplete nature of their financial disclosures demonstrated either that the transferee entities and Hujazi were not competent to operate and maintain the transferred properties or that they were deliberately obfuscating the true financial condition of the properties in order keep the trustee and the Zuercher Trust's creditors at bay. Either way, the court reasoned, the appointment of a receiver was necessary to preserve both the Mission Street apartment building and the Oakland apartment building and to preserve the rents derived from those two buildings.

In the process of ruling on the receivership motion, the bankruptcy court did not make any determination regarding the probability that the trustee actually had an interest in the transferred properties, regarding the merits of the trustee's

5

fraudulent transfer claims or regarding the likelihood of the trustee's success on the merits.

The bankruptcy court entered its receivership and injunction order on July 7, 2014. That order appointed a receiver with respect to the Oakland apartment building and the Mission Street apartment building and enjoined the transferee entities from interfering with the receiver's control and operation of these two apartment buildings. The order further enjoined Hujazi and the transferee entities from transferring or encumbering any of the four transferred properties. Only Uptown Sterling and Hujazi filed a notice of appeal.

On December 17, 2014, a motions panel of this court issued an order holding that the order on appeal was interlocutory because it did not fully and finally dispose of the underlying litigation. See Slimick v. Silva (In re Slimick), 928 F.2d 304, 307 (9th Cir. 1990). Nonetheless, the motions panel held that leave to appeal should be granted under 28 U.S.C. § 158(a)(3).

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(H).[3] We discuss our jurisdiction below.

---

[3]While not directly at issue in this appeal, there is no question here that the bankruptcy court will have authority to enter a final judgment in the underlying adversary proceeding because both parties expressly consented to the bankruptcy court entering a final judgment in this matter. See Wellness Int'l Network, Ltd. v. Sharif, 135 S. Ct. 1932, 1941-45 (2015) (holding that parties may consent to have bankruptcy court enter a final judgment in "Stern claims" – core claims that could be heard and finally determined by bankruptcy courts but for the unconstitutionality of the statute granting the bankruptcy court's authority to hear and determine such claims).

6

1. Do appellants Uptown Sterling, LLC and Hujazi have standing to appeal?

2. Is Hujazi's appeal from the injunction imposed against her moot?

3. Is granting leave to appeal appropriate under the specific circumstances of this matter?

## STANDARDS OF REVIEW

We have an independent duty to examine our jurisdiction, which we consider de novo. Couch v. Telescope, Inc., 611 F.3d 629, 632 (9th Cir. 2010); Wolkowitz v. Beverly (In re Beverly), 374 B.R. 221, 230 (9th Cir. BAP 2007), aff'd in part, dismissed in part, 551 F.3d 1092 (9th Cir. 2008).

Standing and mootness are questions of law we may review sua sponte and that we consider de novo. Menk v. LaPaglia (In re Menk), 241 B.R. 896, 903 (9th Cir. BAP 1999).

## DISCUSSION

**1. Standing and Mootness Issues**

Even though the bankruptcy court's receivership and injunction order affected real property owned by Uptown Sterling, LLC, Peninsula Commons, LLC and SF Corners, LLC, only Huzaji and Uptown Sterling filed a notice of appeal seeking appellate review of the bankruptcy court's order.

Hujazi has no standing to appeal the appointment of the receiver, nor does she have standing to challenge the injunctive relief granted against any of the three Limited Liability Companies. Litigants lack appellate standing unless they are directly and adversely affected pecuniarily by the order on

7

appeal. Cheng v. K & S Diversified Invs., Inc. (In re Cheng), 308 B.R. 448, 455 (9th Cir. BAP 2004), aff'd, 160 Fed.Appx. 644 (9th Cir. 2005); In re Menk, 241 B.R. at 917. Hujazi claims that, because she owns Peninsula Commons, SF Corners, and Uptown Sterling, she is sufficiently affected by the bankruptcy court's order to satisfy the appellate standing requirement. We disagree. The aforementioned limited liability companies are separate legal entities with their own rights and liabilities and can sue and be sued. Abrahim & Sons Enters. v. Equilon Enters., LLC, 292 F.3d 958, 962 (9th Cir. 2002) (citing PacLink Commc'ns Int'l., Inc. v. Superior Court, 90 Cal.App.4th 958, 963 (2001)). Consequently, under California law, a manager or member of a limited liability company cannot pursue in his or her own name an action regarding assets belonging to the company. PacLink Commc'ns Int'l, Inc., 90 Cal. App. 4th at 964-65.

As for Uptown Sterling, it owns one of the four parcels at issue: the Oakland apartment building. This ordinarily would have been sufficient to confer appellate standing on Uptown Sterling to challenge the appointment of the receiver and the injunctive relief granted, at least with respect to the Oakland apartment building. However, just before this Panel heard oral argument, the trustee's counsel filed a declaration indicating that the California Secretary of State had suspended Uptown Sterling as of July 23, 2015, for failing to file certain tax returns with the California Franchise Tax Board. At oral argument, Uptown Sterling's counsel admitted that Uptown Sterling has been suspended and that it could not prosecute the appeal as a suspended limited liability company.

8

Thereafter, this Panel issued an order to show cause why this appeal should not be dismissed. In relevant part, the order to show cause directed Uptown Sterling to explain whether it had been reinstated. In response, Uptown Sterling acknowledged that it has not been reinstated and that it does not have the requisite financial resources to take the steps necessary to cause reinstatement.

Nearly a year has elapsed since the California Secretary of State suspended Uptown Sterling. Uptown Sterling has conceded that it cannot pursue this appeal while suspended, and the parties' responses to our order to show cause reflect that Uptown Sterling will not be reinstated for the foreseeable future. Under these circumstances, we cannot and will not review the bankruptcy court's appointment of the receiver, nor will we review the injunctive relief granted against the limited liability companies. See Schwartz v. Magyar House, Inc., 168 Cal. App. 2d 182, 188-90 (1959).

This only leaves the injunctive relief the bankruptcy court granted against Hujazi. Because the injunction directly and specifically prohibits Hujazi from taking certain actions, Hujazi has appellate standing to challenge this limited aspect of the order on appeal. See generally Giesbrecht v. Fitzgerald (In re Giesbrecht), 429 B.R. 682, 688 (9th Cir. BAP 2010) ("A party has standing to appeal an order if it diminishes his or her property, increases his or her burdens, or detrimentally affects his or her rights.").

Even so, we also must account for the fact that, in November 2015, an order for relief was entered against Hujazi on an

9

involuntary bankruptcy petition. As a result, a chapter 7 trustee has been appointed, who has stepped into Hujazi's shoes for purposes of ownership and control of the three limited liability companies that are relevant to this appeal – Uptown Sterling, Peninsula Commons and SF Corners. See Fursman v. Ulrich (In re First Prot., Inc.), 440 B.R. 821, 830 (9th Cir. BAP 2010). Because Hujazi no longer has ownership and control of the limited liability companies, even if she were to succeed in her efforts to overturn the injunction imposed against her, she still would lack any authority or legal right to act on behalf of the limited liability companies or to cause them to take action with respect to the four parcels of real property affected by the order on appeal. See id.

Therefore, at first blush, Hujazi's challenge to the injunctive relief granted against her appears moot. The fact that Hujazi's chapter 7 trustee – and not Hujazi – currently has the right to act on behalf of the limited liability companies means that, even if Hujazi were to prevail in this appeal, we could not grant her any effective relief. In re Menk, 241 B.R. at 903 (holding that "appeal is moot if we cannot fashion effective relief in the event of reversal.").

On the other hand, Hujazi also has appealed the chapter 7 order for relief entered against her and that appeal is still pending. See Hujazi v. Recoverex, Corp. (In re Hujazi), BAP No. NC-16-1018 (appeal filed Jan. 27, 2016). As a result, if she were to prevail in that appeal, all meaningful relief in this appeal would not be foreclosed to her. Her success in the appeal from the order for relief would mean that the chapter 7 trustee

10

no longer would be entitled to act on behalf of the limited liability companies and the right to act would re-vest in Hujazi. If her right to act on behalf of the limited liability companies were reinstated, her appeal of the injunction prohibiting her from taking certain actions affecting the four parcels owned by the limited liability companies no longer would be meaningless.

In sum, the only portion of the bankruptcy court's order that satisfies our standing and mootness concerns is the portion of the order enjoining Hujazi from further transferring or encumbering any of the four transferred properties. Given this extremely limited scope of review and given the limited and contingent nature of the impact such review might have on the parties and on the litigation, we consider it appropriate to revisit the finality and leave issues formerly addressed by one of our motions panels.

## 2.   Finality and Leave Issues

When an appeal is taken from an interlocutory order, we must dismiss the appeal for lack of jurisdiction unless we decide to grant leave to appeal. In re Giesbrecht, 429 B.R. at 687. Here, our motions panel previously determined that the bankruptcy court's injunction and receivership order was interlocutory because it did not fully and finally dispose of the underlying litigation. See In re Slimick, 928 F.2d at 307. We agree with that determination.

However, the motions panel further determined that leave to appeal should be granted. In so holding, the motions panel concluded that the appeal satisfied the criteria we typically apply in deciding whether to grant leave to appeal. Under those

11

criteria, "[g]ranting leave is appropriate if the order involves [1] a controlling question of law where there is substantial ground for difference of opinion and [2] when the appeal is in the interest of judicial economy because an immediate appeal may materially advance the ultimate termination of the litigation." Kashani v. Fulton (In re Kashani), 190 B.R. 875, 882 (9th Cir. BAP 1995).

We are not bound by the motions panel's determination. See Telescope Inc., 611 F.3d at 632; Stagecoach Utilities, Inc. v. County of Lyon (In re Stagecoach Utilities, Inc.), 86 B.R. 229, 230 (9th Cir. BAP 1988). After further consideration, and having the benefit of the standing and mootness analyses set forth above, we conclude that neither of the criteria for granting leave to appeal have been met. Addressing now the injunction against Hujazi would not require us to consider novel or unsettled legal standards. See generally Butt v. State of California, 4 Cal.4th 668, 677-78 (1992) (stating California's legal standard for preliminary injunctive relief). Moreover, addressing it now is highly unlikely to have any immediate impact on the parties or the ongoing litigation – let alone materially advance the ultimate termination of the litigation.

Accordingly, we are persuaded that leave to appeal was improvidently granted in this matter, that leave to appeal should be denied, and that this appeal should be dismissed for lack of jurisdiction.

**CONCLUSION**

For the reasons set forth above, we DISMISS this appeal for lack of jurisdiction.

12